[Civ. No. 2510. Third Appellate District.—October 9, 1923.]

H. S. SHAFFER, Respondent, v. L. NOZIGLIA, Appellant.

[1] QUIETING TITLE—ALLEGED FRAUDULENT CONVEYANCE—FINDING— EVIDENCE.—In this action to quiet title to two lots, the evidence was not such as to compel a finding that a conveyance of the lots by a person, who was indebted to the defendant, was made with the intent to defraud creditors.

[2] Fraudulent Conveyances—Insolvency—Pleading.—A party relying on the provision of section 3442 of the Civil Code that "any transfer or encumbrance of property made or given voluntarily, or without a valuable consideration, by a party while insolvent or in contemplation of insolvency, shall be fraudulent, and void as to existing creditors," must allege that the grantor was insolvent or in contemplation of insolvency at the time of the transfer.

[3] Id.—Insolvency—Continuation of.—It cannot be said that insolvency usually continues for three and a half years after its existence has been shown.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. J. Schino and Arthur P. Hayne for Appellant.

H. K. Landram for Respondent.

FINCH, P. J.—The defendant has appealed from a judgment herein quieting plaintiff's title to two town lots.

The complaint is in the usual form of an action to quiet title. The answer denies plaintiff's title and alleges ownership in defendant under an execution sale in an action by defendant against Jennie Prizer. The answer further alleges that on the twenty-sixth day of November, 1919, Mrs. Prizer "did without any consideration therefor, and with intent to defraud her creditors, including defendant herein, make, execute and deliver to one Ella Hill a certain grant, bargain and sale deed conveying, or purporting to convey to said Ella Hill all of her right, title and interest in and to the real property mentioned and described in paragraph one of plaintiff's complaint herein; . . . that no consideration whatsoever was paid by the said Ella Hill to said Jennie Prizer for the making, execution and delivery of said deed, and that the same was made, executed and delivered in order to defeat the rights of creditors, including defendant herein, in and to the said real property of said Jennie Prizer."

December 29, 1914, Eugene A. Prizer, the husband of Jennie Prizer, died intestate. January 7, 1915, the lots in controversy were conveyed to Mrs. Prizer in payment of

services rendered by her husband during his lifetime. It is admitted that the amount due for such services was community property and the lots were inventoried and appraised as a part of the estate of Eugene A. Prizer. These facts were known by all persons herein mentioned. August 11, 1920, the deed was recorded. January 14, 1915, the defendant herein commenced an action in the justice's court against Mrs. Prizer to recover the sum of $201.50 due him for necessaries of life purchased by her husband and furnished during his lifetime. On the same day a writ of attachment was issued and levied upon the town lots. May 26, 1916, Mrs. Prizer filed her petition for letters of administration. June 19, 1916, letters of administration were issued to her. On the same day an inventory and appraisement of the property of her husband's estate was filed. The same shows that the estate consisted of the town lots in suit, appraised at $300, and household furniture appraised at $50. November 26, 1919, Mrs. Prizer, by grant, bargain, and sale deed, conveyed the lots to Ella Hill and the deed was recorded the same day. The consideration expressed in the deed is $10. December 10, 1919, an amended complaint was filed in the action aforesaid in the justice's court. December 15, 1919, judgment was rendered therein as prayed for. January 15, 1920, an abstract of the judgment was recorded in the office of the county recorder. March 12, 1920, execution was issued. April 13, 1920, the sheriff offered the lots for sale and sold the same to defendant herein. April 18, 1921, a sheriff's deed was executed and delivered to defendant and the same was recorded April 20, 1921. May 17, 1920, the whole estate of deceased, including the town lots, was set aside to Mrs. Prizer under the provisions of section 1469 of the Code of Civil Procedure. January 14, 1921, Ella Hill conveyed the lots to H. S. and C. R. Shaffer and they later conveyed to Harry E. Doyle, who conveyed to plaintiff herein. In addition to the foregoing facts, appellant relies upon the following statement in a letter, written to him by Mrs. Prizer, on the third day of July, 1916, referring to her intention of requesting the court to set aside the whole estate to her: "My daughter and I are without means and we are absolutely compelled to accept this as the law offers and provides that we shall have it."

The court found the allegations of the complaint to be true; that the defendant recovered judgment against Mrs. Prizer and that the purported sale of the lots was made as herein outlined; that on the twenty-sixth day of November, 1919, Mrs. Prizer sold and conveyed the lots to Ella Hill for a valuable consideration and without any intent to defraud any creditor; and that the subsequent conveyances by which plaintiff acquired title were made by grant, bargain and sale deeds.

The attachment lien ceased at the expiration of three years from the time it was levied and, therefore, need be given no further consideration. (Code Civ. Proc., sec. 542a.)

Mrs. Prizer conveyed the lots by grant, bargain, and sale deed prior to recovery of judgment against her in the justice's court. At that time she was vested with a one-half interest in the lots as community property, subject to the payment of debts and expenses of administration. The title which she acquired by the decree setting aside the whole estate to her passed by operation of law to her grantee, Ella Hill. (Civ. Code, sec. 1106.) The only question remaining to be considered is whether the conveyance by Mrs. Prizer to Ella Hill was made with intent to defraud any creditor.

There is no evidence bearing upon the alleged fraudulent intent except the transactions enumerated and statement contained in the letter of July 3, 1916. **[1]** It is very clear that the evidence is not such as to compel a finding that the conveyance was made with the intent to defraud creditors. The answer alleges that the transfer was made without consideration. There is no evidence upon the question other than the recital in the deed of a consideration of $10. Section 3442 of the Civil Code provides that no transfer can be "adjudged fraudulent solely on the ground that it was not made for a valuable consideration." **[2]** If appellant relies on the provision of section 3442 that "any transfer or encumbrance of property made or given voluntarily, or without a valuable consideration, by a party while insolvent or in contemplation of insolvency, shall be fraudulent, and void as to existing creditors,"· it is sufficient to say that he did not allege that Mrs. Prizer was insolvent or in contemplation of insolvency at the time of the transfer. (*Tainter*

v. *Broderick Land & Inv. Co.,* 177 Cal. 664 [171 Pac. 679].)
The only evidence relied on to prove insolvency is a statement in the letter of July 3, 1916, written by Mrs. Prizer, as follows: "My daughter and I are without means." It is argued that this statement is sufficient proof that Mrs. Prizer was insolvent at the time the letter was written, and that from such proof a presumption arises that she was insolvent three and a half years later when, on November 26, 1919, she conveyed the property to Ella Hill. It is a disputable presumption "that a thing once proved to exist continues as long as is usual with things of that nature." (Code Civ. Proc., sec. 1963, subd. 32.) [3] It certainly cannot be said that insolvency usually continues for three and a half years after its existence has been shown. Plaintiff was not called upon to offer proof of Mrs. Prizer's solvency at the time of the transfer. Had defendant alleged that she was insolvent at that time, it may be that plaintiff could have shown affirmatively that she was solvent. Titles to real estate would be dangerously insecure if they could be overthrown by evidence as slight as that produced by defendant.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.