[S. F. No. 11271. In Bank.—November 12, 1925.]

B. J. BRUN, Respondent, v. J. A. EVANS et al., Appellants.

[1] ATTACHMENTS—JUDGMENT—APPEAL—JURISDICTION.—On appeal by the defendants from a judgment in favor of the plaintiff in an action in which an attachment was issued and levied upon real property of the defendants, the action is not pending in the appellate court in the sense that there is before that court upon review any claimed error relating directly to the attachment proceedings, but such error, if any, must be reviewed in a separate appeal from an order of the trial court dissolving or refusing to dissolve the attachment.

[2] ID.—JUDGMENT—MERGER OF LIENS—EXTINGUISHMENT OF ATTACHMENT LIEN.—While it is true that upon the rendition and docketing of a judgment in favor of plaintiff in an action wherein a writ of attachment has been duly issued and levied upon real property of the defendants, the attachment lien merges in the judgment lien in the sense and to the extent that there cannot then be said to be two separate and distinct liens subsisting against the same property, one arising out of the attachment and the other arising out of the judgment, it does not necessarily follow therefrom that the attachment lien becomes so completely extinguished thereby

---

1.  See 3 Cal. Jur. 480.
2.  See 3 Cal. Jur. 487; 15 R. C. L. 789.

that it cannot thereafter be revived or "unscrambled" from the judgment under any circumstances or for any purpose.

[3] ID. — APPEAL—SUPERSEDEAS BOND — CESSATION OF ATTACHMENT LIEN.—Under section 671 of the Code of Civil Procedure, upon the taking of an appeal by the defendants from a judgment in favor of the plaintiffs in an action wherein a writ of attachment has been duly issued and levied upon real property, and upon the giving and filing of a *supersedeas* bond adequate to stay the execution of the judgment, the attachment lien ceases to exist, and there is no lien in existence upon which an order for extension under section 542a of the Code of Civil Procedure can operate.

---

(1) 4 C. J., p. 683, n. 9.   (2) 6 C. J., p. 271, n. 54.   (3) 6 C. J., p. 272, n. 60.

MOTION to extend the time of an attachment lien pending appeal from judgment. Denied.

The facts are stated in the opinion of the court.

F. E. Davis for Appellants.

Albert I. Loeb for Respondent.

MYERS, C. J.—Plaintiff having commenced an action in the superior court on a money demand against the defendants sounding in contract procured a writ of attachment to be regularly issued and levied upon real property belonging to the defendants November 16, 1922. Thereafter in due course a judgment was rendered and docketed in favor of the plaintiff and against the defendants. Defendants perfected an appeal to this court from the judgment and in connection therewith gave and filed a *supersedeas* bond adequate to stay the execution of the judgment. The statutory limitation upon the attachment lien being about to expire under the terms of section 542a of the Code of Civil Procedure, the plaintiff moved in this court upon notice pursuant to the provisions of said section for an order extending the time of said lien for a period of two years from the date on which the original lien would expire.

We are confronted at the outset with the question which we ourselves suggested at the hearing of the motion, namely,

---

3. See 2 Cal. Jur. 474; 2 R. C. L. 855.

whether or not this court is the proper forum to which this motion should be directed. Appellants in resisting the motion have contented themselves with expressing a doubt as to this question, but have not aided us with either reasoning or authority to aid in its solution. The code section provides that: "The attachment . . . shall be a lien upon all property attached for a period of three years after the date of levy unless sooner released or discharged as provided in this chapter, by dismissal of the action or by entry and docketing of judgment in the action. At the expiration of three years the lien shall cease and any proceeding or proceedings against the property shall be barred; provided, that upon motion of a party to the action, made not less than five nor more than sixty days before the expiration of said period of three years, the court in which the action is pending may extend the time of said lien. . . . " [1] It must be conceded that the action is not pending in this court in the sense that there is before us upon review any claimed error relating directly to the attachment proceedings. Such error, if any, should have been reviewed in a separate appeal from an order dissolving or refusing to dissolve the attachment (Code Civ. Proc. 963) and is not reviewable upon an appeal from the judgment (Code Civ. Proc. 956; 3 Cal. Jur. 480). On the other hand it is equally true that upon the rendition and docketing of the judgment in favor of plaintiff the attachment lien became merged in the lien of the judgment at least to some extent and for some purposes and the validity of the judgment is the precise matter which is now pending in this court for review upon appeal. No appeal appears to have been taken from any of the attachment proceedings herein and all matters now in controversy between the parties are pending before this court for determination. The shortness of time within which we must act upon this motion in order that our action may be effective precludes us from giving such consideration to this question as we would desire. For this reason, and for the further reason that we are satisfied that the motion must, in any event, be denied, we shall assume for the purposes hereof that the action is pending in this court within the purview of the phrase used in the code section above quoted, and that the motion is properly addressed to this court.

[2]    Both parties herein agree that the attachment lien has become merged in the judgment lien, but we are not prepared to give unqualified assent to this conclusion. It is undoubtedly true that upon the rendition and docketing of a judgment in favor of plaintiff in an action wherein a writ of attachment has been duly issued and levied upon real property, the attachment lien merges in the judgment lien in the sense and to the extent that there cannot then be said to be two separate and distinct liens subsisting against the same property, one arising out of the attachment and the other arising out of the judgment. It was so held in *Bagley* v. *Ward,* 37 Cal. 121, 131 [99 Am. Dec. 256], but it does not necessarily follow therefrom that the attachment lien became so completely extinguished thereby that it cannot thereafter be revived or "unscrambled" from the judgment under any circumstances or for any purpose. This court in the Bagley case, *supra,* recognized that, notwithstanding the merger, the attachment lien still continued in existence and retained its identity for the purpose and with the effect of preserving the priority thereby acquired. [3]    But whatever may be the extent to which the attachment lien became merged with the judgment lien or whatever may be the extent to which the former retained its separate existence and identity, there is no room for doubt under the law as it now exists that the lien of the judgment and the lien of the attachment were both terminated by the filing of the *supersedeas* bond. Section 671 of the Code of Civil Procedure, as amended in 1917 (Stats. 1917, p. 141), provides: "The lien [of the judgment] continues for five years unless the enforcement of the judgment be stayed on appeal by the execution of a sufficient undertaking as provided in this code, in which case the lien of the judgment *and any lien by virtue of an attachment that has been issued and levied in the action ceases."* The italicized words were added to the section by the amendment of 1917. In a case arising under this section as it read prior to this amendment, Chief Justice Beatty in a concurring opinion argued with much force that the statute as it then stood did not expressly provide that the filing of a *supersedeas* bond discharges an attachment lien and presented cogent reasons why it should not be construed as so providing by implication (*Riley* v. *Nance,* 97 Cal. 206 [31 Pac. 1126, 32 Pac. 315]). However

persuasive those reasons may have been they seem to have been rejected by the legislature which has now made its intent plain beyond question that the filing of the *supersedeas* bond upon appeal from a judgment shall put an end to the attachment lien as well as to the judgment lien. Attachment liens are solely creatures of statute. They can be created and can continue to exist only in the cases and to the extent to which the legislature by statutory enactment has authorized their creation and continued existence. We must conclude, therefore, that the attachment lien which the respondent is here seeking to have extended ceased to exist when the *supersedeas* bond was filed herein and that there is now no lien in existence upon which an order for extension could operate. Section 542a does not empower the court to create a lien where none exists, nor to revive a lien which has ceased to exist. Respondent recognizes this in that he reminds us in his brief that unless an order extending the lien is made and filed prior to November 16, 1925, it will be ineffective. It follows that the motion must be and it is hereby denied.

Lawlor, J., Waste, J., Richards, J., Seawell, J., Lennon, J., and Shenk, J., concurred.