[L. A. No. 10254. In Bank.—November 9, 1928.]

FRED PALMER et al., Respondents, v. M. J. FIX et al., Appellants.

John A. Jorgenson, C. H. Tyler and C. H. Sherrick for Appellants.

Arthur C. Verge, Patrick J. Cooney and Verge & Cooney for Respondents.

THE COURT.—The appellants and cross-complainants herein have moved this court for an order which would have the effect of extending the lien of an attachment issued and levied upon the real property of the plaintiff and respondent herein at the time of the filing of the cross-complaint in this action and the lien of which attachment is about to expire under the provisions of section 542a of the Code of Civil Procedure. The said motion has been presented upon the theory that, under the provisions of the section of the code above referred to, this court has by virtue of the appeal which is pending herein the sole jurisdiction to make the order sought. ▮ The portion of said section of the code upon which this claim is predicated reads as follows:

"The attachment whether heretofore levied or hereafter to be levied shall be a lien upon all real property attached for a period of three years after the date of levy unless sooner released or discharged as provided in this chapter, by dismissal of the action or by entering and docketing of judgment in the action. At the expiration of three years the lien shall cease and any proceeding or proceedings against the property under the attachment shall be barred; provided, that upon motion of a party to the action, made not less than five nor more than sixty days before the expiration of said period of three years, the court in which the action

is pending may extend the time of said lien for a period not exceeding two years from the date on which the original lien would expire."

We are of the opinion that the clause in the foregoing portion of said section of the code which requires a motion for the extension of the lien of an attachment to be made in "the court in which the action is pending" has reference to the court wherein the action was commenced and wherein it remained pending under the provisions of section 1049 of the Code of Civil Procedure, "from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." The effect of an appeal upon the pendency of an action is provided for in section 946 of the Code of Civil Procedure, which reads in part as follows: "Whenever an appeal is perfected as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein . . . but the court below may proceed upon any other matter embraced in the action and not affected by the order appealed from." The matters referred to and provided for in section 542a of the Code of Civil Procedure, above set forth, are matters which are not embraced in the appeal herein and are not affected by the judgment or order appealed from, and hence under the provisions of section 946 of the Code of Civil Procedure, above quoted, have not been transferred from the court in which this action remains pending to this court for determination upon this appeal, or for the making of any order with relation thereto. In our opinion the sole jurisdiction to make such order under the provisions of section 542a of the Code of Civil Procedure abides in the superior court from the judgment in which court this appeal has been taken.

It has been made to appear upon this motion that heretofore the appellant herein applied to this court for a writ of *supersedeas* which had for its purpose the prevention of the superior court from issuing a writ of execution at the instance of the plaintiff after the cross-complainant and appellant herein had undertaken to give a bond upon this appeal which would have the effect, under the further provisions of section 946 of the Code of Civil Procedure, of continuing in force the attachment pending this appeal.

This court, for good cause shown, ordered a writ of *supersedeas* to issue as applied for upon the giving by the appellant and approval of an undertaking as provided for in its said order, and which undertaking, having been so given and approved, the writ of *supersedeas* was issued accordingly and is still in full force and effect. (See 203 Cal. 365 [264 Pac. 255].) ■ The issuance and terms of said writ of *supersedeas*, however, under the provisions of section 946 of the Code of Civil Procedure, and which had for its purpose the protection of the rights of the appellant under his said attachment pending this appeal, had no reference to or effect whatever upon the matters which are referred to in section 542a of the Code of Civil Procedure, nor to the rights or duties of an attaching party thereunder, and if it should appear that his attachment lien which has been preserved to him pending said appeal and in conformity with the provisions of section 946 of the Code of Civil Procedure, above referred to, is otherwise about to cease, under the provisions and limitations of section 542a of the Code of Civil Procedure, it remains the duty of the attaching party, notwithstanding the pendency of the appeal and the issuance of the writ of *supersedeas* thereunder, to make timely application to the superior court wherein the action is pending for an extension of the term of said lien for the period provided for in said section of the code, and to procure from said court an order to that effect, upon the filing of a certified copy of which, within the required period, with the recorder of the county in which the property attached is situated, the lien of his attachment may be extended.

For the foregoing reasons the application of the cross-complainant and appellant herein is denied.