[Civ. No. 4376. Third Appellate District.—October 15, 1931.]

PAUL JONES, Respondent, v. C. W. TOLAND, as Sheriff, etc., Appellant.

J. Oscar Goldstein for Appellant.

William H. Johnson for Respondent.

TUTTLE, J., *pro tem.*—This is an action brought to recover the sum of $939.84, which it is alleged was converted by defendant in his capacity as sheriff of Butte County. After trial by the court, judgment was entered against defendant in the amount named. The appeal is prosecuted from the judgment.

From the undisputed facts it appears that in an action brought in Santa Clara County, entitled "Roberts v. Blanchard", a judgment was entered on June 18, 1924, against defendant therein, in the sum of $5,117.76. On October 5, 1927, an execution was issued upon said judgment, and sent to defendant herein for service upon M. Ocovich, who was indebted to said Blanchard in an unknown amount. Defendant served the writ of execution upon Ocovich on October 7, 1927. No money was collected and the writ was returned unsatisfied. On December 6, 1927, Blanchard obtained judgment against Ocovich in the Superior Court of Butte County, for $939.84. On December 7, 1928, a second execution was issued on the Roberts judgment, and on December 9th, this was served by defendant upon Ocovich, and all money due Blanchard upon said judgment was garnished. On December 7th, Blanchard assigned all his interest in said judgment to plaintiff. On January 23, 1929, plaintiff served upon defendant a third party claim to the proceeds of said judgment, which had already been paid into court by Ocovich, and the money delivered to defendant. Defendant refused to pay over to plaintiff the money so collected, and this action was instituted to recover the same.

Section 688 of the Code of Civil Procedure provides, in part, as follows: "Until a levy, property is not affected by the execution; but no levy shall bind any property for a longer period than one year from the date of the issuance of the execution; provided, however, an *alias* execution may be issued upon said judgment, and levied on any property not exempt from execution."

It is admitted that the first execution against Blanchard was served after the expiration of one year from the date of the issuance thereof. It is plain the legislature intended that after the expiration of one year from the date of issuance, a writ of execution would have no further force or effect.

It is argued by the appellant that "the first execution followed by the second, created a lien in favor of the judgment-creditor, Roberts, so as to make his right to recover the debt from the garnishee superior to any claim or demand subsequently accruing".

We are unable to follow counsel in his construction of the code section cited above. Upon the expiration of the first

execution, the judgment creditor therein was in no better position than any other creditor. It cannot be contended seriously that the levy under an *alias* execution would relate back to the date of expiration of the first execution. If such a condition had been intended the legislature would have so declared. ■ Furthermore, no lien was created by the levy of the first execution, as it was a nullity at the time of service—October 7, 1927.

· ■ Appellant contends that section 542b of the Code of Civil Procedure, which provides that an attachment or garnishment shall be of no effect at the expiration of three years after the issuance of the writ of attachment, applies to garnishments under executions. In our opinion this section relates solely to proceedings taken prior to judgment, and is not applicable to proceedings upon execution. This is apparent from a mere reading of the statute, which refers to a release of the levy thereunder by dismissal of the action or *by entry and docketing of the judgment in the case,* such contingencies would not have been mentioned if the legislature had in mind proceedings subsequent to judgment. If the argument of appellant prevailed, the limit of one year upon executions would be absolutely nullified, and three years would be allowed for all executions. The three-year period for attachments and garnishments was considered by the legislature as a reasonable time within which a litigant could subject attached property to any judgment which might be obtained, while the one-year limitation was considered a reasonable time for realizing upon the fruits of the judgment, with the right to an *alias* execution thereafter.

We are satisfied with the disposition of the case as made by the learned trial judge, and accordingly, the judgment is affirmed.

Preston, P. J., and Plummer, J., concurred.