[Civ. No. 9611. First Appellate District, Division Two.—November 5, 1934.]

In the Matter of the Estate of JOHN H. TROY, Deceased. E. C. STREET, Trustee in Bankruptcy, Appellant, v. L. M. REINCKE et al., Respondents.

Charles H. Patterson for Appellant.

Orrick, Palmer & Dahlquist and Fabius T. Finch for Respondents.

NOURSE, P. J.—This is an appeal from two designated portions of a decree of distribution entered in the estate of John H. Troy, deceased.

The appellant is the trustee in bankruptcy of Beatrice H. Hanks, who was the residuary legatee under the will of the decedent. In September, 1925, L. M. Reincke levied an attachment on all the interest of Beatrice H. Hanks in the personal property of said estate. In August, 1927, the Credit Clearance Bureau levied an attachment upon the same interest. In March, 1928, Beatrice H. Hanks was adjudicated a bankrupt. In April, 1928, the Credit Clearance Bureau obtained a judgment against Beatrice H. Hanks upon which execution has been issued. When the first attachment was levied the executrix had in her possession $2,600 in cash, all of which has been used in the payment of specific legacies and in the administration of the estate. After this levy but before the levy of the Credit Clearance Bureau the real property belonging to the estate was sold and the proceeds thereof were in the hands of the executrix of the estate. Thus all the property in the hands of the executrix subject to distribution was the personal property consisting of the proceeds of the sale of the realty which had been left to Beatrice H. Hanks as residuary legatee. But none of this property had been converted into personalty at the time of the Reincke attachment.

Section 561 of the Code of Civil Procedure authorizes the attachment of the interest of a defendant in personal property belonging to the estate of a decedent. Such attachment shall not impair the powers of the representative over the property for the purposes of administration. In the decree of distribution delivery of such property shall be ordered to the officer making the levy, but such delivery shall not be made until the decree of distribution has become final. In approaching the questions presented on this appeal it should be borne in mind that though the decedent died in April, 1925, and the decree of distribution was not made until January, 1934, the parties concede that the delay was due to litigation involving the estate and was

not in any way due to any lack of diligence on the part of respondents herein.

We cannot support that portion of the decree which relates to the lien of the Reincke attachment. The probate court found that when the attachment was levied the only personal property in the estate was the sum of $2,600 which was used in payment of specific legacies and in administration. Title to the real property had vested in Beatrice H. Hanks as residuary legatee upon the death of decedent, but no attachment was levied upon the realty.

This could have been done under the provisions of subdivision 2 of section 542 of the Code of Civil Procedure. (*Martinovich* v. *Marsicano,* 150 Cal. 597, 600 [89 Pac. 333, 119 Am. St. Rep. 254].) This method, being statutory, is exclusive and, if not followed, no valid attachment of the realty exists. When the realty was converted into cash this became personal property which was not in the hands of the executor when the attachment was levied. As an attachment applies only to debts existing at the time of the levy (*Norris* v. *Burgoyne,* 4 Cal. 409), the lien of the attachment could not cover after-acquired property. This has been the accepted rule in this state for so many years that we need not consider authorities from other jurisdictions which, while not holding directly to the contrary, might support the argument for a different rule.

The portion of the decree relating to the lien of the Credit Clearance Bureau is not affected by the foregoing. The attachment was levied after the realty had been converted into cash, and the claim was reduced to judgment before distribution, and before Beatrice H. Hanks was adjudged a bankrupt. The only question raised by appellant relative to this portion of the decree is whether the lien of the attachment lapsed on the expiration of the period of three years from the date of the levy under the provisions of section 542b of the code. Section 561 is a special statute dealing exclusively in the attachment of the interest of an heir or legatee in the personal property of an estate. It is the only authority under which the probate court may make distribution to one who is not an heir or legatee. (*Estate of Nerac,* 35 Cal. 392 [95 Am. Dec. 111] ; *Martinovich* v. *Marsicano,* 137 Cal. 354, 357 [70 Pac. 459].) This section provides that in the decree of distribution delivery

of the property attached ''shall be ordered to the officer making the levy'', but that such delivery shall not be made until after the decree of distribution has become final. Before this section was enacted personal property in the hands of an executor was deemed to be in the custody of the law and as such not subject to attachment or execution. This section provided a remedy where none had theretofore existed and it laid down the procedure for making the remedy effective. (*In re Durel,* 10 Fed. (2d) 448, 450.) Section 542b, which limits the life of an attachment lien to three years from the date of the levy, is a general provision enacted for the purpose of compelling diligence on the part of the attaching creditor. (*Jones* v. *Toland,* 117 Cal. App. 481, 483 [4 Pac. (2d) 178].) This reason does not apply where the attachment is levied upon the interest of an heir or legatee because the attaching creditor has no power to control the proceedings in probate. When the reason for the rule ceases the rule ceases and when a rule can be applied only by implication it should not be applied when there is no reason for it. There are many authorities holding that, where a right existed at common law, a statutory remedy is merely cumulative, but that, where the right is given and the remedy is provided by statute, the statutory remedy must be pursued. (*People* v. *Craycroft,* 2 Cal. 243, 244 [56 Am. Dec. 331]; *Estate of Ward,* 127 Cal. App. 347, 354 [15 Pac. (2d) 901].) This respondent has strictly followed the remedy provided in the statute and we can see no reason why it should be denied the right because those over whom it had no control delayed the proceedings.

The decree is modified by striking the portion thereof relating to the claim of Reincke and otherwise it is affirmed. The appellant should have his costs against respondent Reincke, the Credit Clearance Bureau to have its costs against appellant.

Sturtevant, J., and Spence, J., concurred.