[L. A. No. 19359. In Bank. Dec. 13, 1946.]

RAYMOND F. PUISSEGUR, Respondent, v. F. GRAMER YARBROUGH et al., Appellants.

Fred W. Heath and Daniel A. Knapp for Appellants.

J. M. Clements, Thomas Higgins, Robert E. Austin and John N. Helmick for Respondent.

GIBSON, C. J.—Defendants have appealed from a judgment foreclosing, as a mortgage, a deed of trust given by them to secure their note payable in monthly installments to Mrs. M. D. Woodd. Plaintiff, a judgment creditor of Mrs. Woodd, purchased the note and trust deed at a sheriff's sale made under a levy of execution on his judgment and thereafter brought this action claiming defendants were in default in the payment of certain installments. Defendants denied the

default, asserting that they had paid the installments in question to one Hovey, and contending that Hovey was entitled thereto by virtue of an assignment of the note and trust deed from Woodd to Hovey.

Plaintiff's action against Mrs. Woodd was tried in February, 1940, but, due to delay caused by a motion made by Mrs. Woodd to reopen the case after submission, judgment was not rendered therein until April 26, 1940. Messrs. Heath and Knapp, attorneys for defendants herein, represented Mrs. Woodd in that action. They assigned to Hovey a claim which they had against Mrs. Woodd for legal services, and on April 11, 1940, Hovey sued Mrs. Woodd on this claim and served defendants with a writ of attachment and notice of garnishment in that action. At that time, the note was held by a bank for collection on behalf of Mrs. Woodd. On June 19, 1940, a writ of execution, issued on plaintiff's judgment against Mrs. Woodd, was served on the bank attaching all personal property belonging to Mrs. Woodd under the control of the bank. The next day the writ was served on defendants. Thereafter, on September 15, 1940, Mrs. Woodd, who had retained possession of the deed of trust, assigned it and the note to Hovey. Subsequently, on October 17, 1940, plaintiff purchased the note at the sheriff's sale made under a levy of execution on plaintiff's judgment against Mrs. Woodd. On July 8, 1941, a judgment was entered in Hovey's action against Mrs. Woodd, and a writ of execution, issued on August 5, 1942, was served on defendants, but no attempt was ever made pursuant to this levy to sell any interest of Mrs. Woodd in the note or trust deed.

Defendants apparently have chosen to rely upon the assignment of the note and trust deed by Mrs. Woodd to Hovey on September 15, 1940, rather than upon the Hovey attachment of April 11, 1940, in seeking to justify the payments made to Hovey. We must, nevertheless, consider the effect of the attachment before proceeding with a discussion of the assignment. It is unnecessary, however, to determine the validity of the levy of the attachment, concerning which there is some question because of the manner in which it was made, since it is clear from the record that any lien which Hovey may have obtained thereunder expired by lapse of time.

Section 542b of the Code of Civil Procedure provides that "An attachment or garnishment on personal prop-

erty. . . shall . . . cease to be of any force or effect . . . at the expiration of three years after the issuance of the writ of attachment. . . ." This section does not postpone the time of the expiration of a writ of execution beyond the one-year period specified in section 688 which provides, with certain exceptions not material here, that no levy of execution "shall bind any property for a longer period than one year from the date of the issuance of the execution. . . ." (*Jones* v. *Toland,* 117 Cal.App. 481, 483 [4 P.2d 178].) ▆ Although the Hovey attachment, if valid, was still in force when his writ of execution was issued, both the one-year and three-year periods expired without any sale having been made under the execution, and any rights which Hovey may have had in the note and trust deed by virtue of the garnishment and execution were terminated by operation of law. (*Jones & Son* v. *Independence Ind. Co.,* 52 Cal.App.2d 374, 378 [126 P.2d 463]; *Shaffer* v. *Noziglia,* 64 Cal.App. 93, 96 [220 P. 431].) ▆ The attaching creditor obtains only a potential right or a contingent lien (see 5 Am.Jur. 94; 3 Cal.Jur. 477) ▆ and in order to discharge their liability, defendants should have made all payments to the sheriff in accordance with section 544 of the Code of Civil Procedure. The statutory procedure is designed to protect all parties concerned until their rights are finally determined, and defendants acted at their own risk in making the payments to Hovey instead of to the sheriff.

▆ The assignment of the note and trust deed by Mrs. Woodd to Hovey on September 15, 1940, was subsequent to plaintiff's levy of execution on June 19, 1940, and therefore it is clear that Hovey could not claim any greater rights by virtue of the transfer than Mrs. Woodd then had. It is contended by defendants, however, that the service of the writ of execution did not create a lien because the sheriff did not take possession of the note. (See *Hoxie* v. *Bryant,* 131 Cal. 85 [63 P. 153]; *Haulman* v. *Crumal,* 13 Cal.App.2d 612 [57 P.2d 179].) With respect to property in the possession of or under the control of a bank, whether capable of manual delivery or not, section 542, subdivision 6, of the Code of Civil Procedure provides that it shall be attached "by leaving a copy of the writ and the notice with the manager or other officer of such banking corporation . . . at the office or branch thereof . . . at which such banking corporation . . . has credits or other personal property belonging to the defendant in its possession or under its control." Property may be

levied on under execution "in like manner as like property may be attached." (Code Civ. Proc., § 688.) In this case service was made on the bank in the manner prescribed by the statute and it was not necessary for the sheriff to take possession of the note at the time of the levy.

An analogous situation was presented in *Partch* v. *Adams*, 55 Cal.App.2d 1 [130 P.2d 244], where the sheriff in levying execution on shares of stock did not take them into his possession but made the levy by serving officers of the corporation, in the manner provided for attachments of shares of stock by subdivision 4 of section 542 of the Code of Civil Procedure. The court, citing section 688, held the execution valid, since the sheriff in making the levy had followed the procedure prescribed for the attachment of shares of stock.

When the writ of execution was served on the bank on June 19, 1940, the bank acknowledged that it was holding the note for collection, and delivered to the sheriff $69.75 which it owed to Mrs. Woodd. The sheriff returned the writ as partially satisfied in that amount. On October 11, 1940, the bank was served with a second writ of execution, the note was delivered to the sheriff, and his certificate recites that the sale was made under the second levy. Defendant contends that the lien of the first levy was extinguished by the return of the writ partially satisfied, and that plaintiff's title is derived from the second levy of execution on October 11, 1940, which was subsequent to the assignment from Mrs. Woodd to Hovey. The lien of the first levy was not lost, however, merely because the sheriff's first return made no reference to the note. The title which plaintiff obtained at the execution sale did not depend upon the return to the writ as made by the sheriff, nor upon the sheriff's opinion as to the source of his authority to make the sale (*Weldon* v. *Rogers*, 157 Cal. 410, 413 [108 P. 266]; *Hunt* v. *Loucks*, 38 Cal. 372, 382 [99 Am.Dec. 404]; *Wilson* v. *Madison*, 55 Cal. 5, 8.) The mere issuance of the second writ of execution did not constitute an abandonment of the first levy, and plaintiff is entitled to the priority of the lien established thereby (*Partch* v. *Adams*, 55 Cal.App. 2d 1 [130 P.2d 244]; *Weldon* v. *Rogers*, *supra*).

Hovey took the assignment from Mrs. Woodd subject to plaintiff's rights and therefore defendants were in default, as

their liability for installments was not discharged by the payments made to Hovey.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellants' petition for a rehearing was denied January 10, 1947.