[Civ. No. 31726.   Second Dist., Div. Three.   July 13, 1967.]

UNITED STATES LIABILITY INSURANCE COMPANY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; HAIDINGER-HAYES, INC., Real Party in Interest.

David C. Bogert, Long & Levit, Rose & Ehrmann and Herbert J. Ehrmann for Petitioner.

No appearance for Respondent.

Frank Fullenwider and Joseph F. Rank for Real Party in Interest.

McCOY, J. pro tem.*—This is a proceeding for a writ of mandate requiring the respondent court to vacate its order of April 18, 1967, action number 835754, entitled United States Liability Insurance Company v. Haidinger-Hayes, Inc., granting defendant's motion to dissolve and discharge the writ of attachment which plaintiff had obtained concurrently with the filing of its complaint.

The material facts are admitted. Petitioner, United States Liability Insurance Company, here referred to as plaintiff, was authorized to transact business as an insurer in California. At the inception of the lawsuit Haidinger-Hayes, Inc., here referred to as defendant, was doing business in California as an insurance general agent and surplus line broker. On March 26, 1964, plaintiff sued defendant to recover $145,115 alleged to be due it under a written contract between the parties. On the same day a writ of attachment was issued and levied by the sheriff on certain of defendant's bank accounts. On March 31, 1964, defendant secured a release of its bank accounts by posting an undertaking in the sum of $181,-400 pursuant to section 540, Code of Civil Procedure.[1] On July 26, 1966, plaintiff filed its amended and supplemental

---

*Assigned by the Chairman of the Judicial Council.

[1]Defendant alleges in its verified statement of additional facts filed in this court in opposition to the petition that when the attachment was levied it was solvent; that in order to obtain the undertaking for the release of the attachment it had to borrow substantially in order to deposit the required collateral and that when it was unable to repay the amounts thus borrowed it was forced to sell its business in December 1964, with the result that it now has debts due of approximately $165,000 in excess of its ready assets which debts it cannot liquidate without the release of the $181,400 deposited as collateral for the undertaking.

complaint increasing its claims against defendant to $377,-188.43.

In March 1966 defendant sought to have the action set for pretrial and trial. Plaintiff refused to sign the necessary certificate of readiness because it wished to file an amended and supplemental complaint. After the amended and supplemental complaint and defendant's answer and counterclaims were filed in July 1966, the action was pretried November 1, 1966, and set for trial on January 30, 1967.

As the result of the trial a judgment was entered in favor of defendant and notice of entry of judgment was served on plaintiff on March 1, 1967. On March 6 plaintiff filed its notice of appeal and an undertaking in the amount of $400,000 pursuant to sections 553 and 946, Code of Civil Procedure, in order to continue its attachment in force pending the appeal.

On March 30, 1967, defendant noticed its motion for an order dissolving the writ of attachment issued March 26, 1964, and exonerating ''as of March 31, 1967'' the undertaking posted for the release of the attachment. The motion was made ''upon the ground that three years have expired after the issuance of said writ of attachment, and that the dissolution and discharge thereof is mandatory pursuant to section 542b of the Code of Civil Procedure.'' On April 17 the respondent court granted this motion ''effective April 30, 1967.''

Plaintiff filed its petition with this court for a writ of prohibition to restrain the respondent court from making its order effective and for a writ of mandate requiring the court to vacate its order. We issued an alternative writ of mandate. Defendant made its return to the alternative writ by demurrer and a verified answer, as permitted by rule 56(c), California Rules of Court. We are satisfied that the demurrer should be overruled and that the matter should be determined on the merits.

Plaintiff contends that the order of the respondent court was in excess of its jurisdiction in that it is in violation of and nullifies the provisions of sections 553, 946 and 949 of the Code of Civil Procedure which provide for the preservation of a writ of attachment after an appeal has been perfected. Section 553 provides in part that if the defendant recovers judgment against the plaintiff the attachment shall be discharged and the property levied on released unless an appeal is perfected and an undertaking executed and filed as provided in section 946. Section 946 provides so far as relevant here that

"Neither an appeal nor the pendency nor granting of a motion timely filed and served for vacation of judgment, or for judgment notwithstanding the verdict, or for a new trial, shall continue in force an attachment, unless an undertaking be executed and filed on the part of the appellant . . . in double the amount of the debt claimed by him, . . ." The provisions of section 949, so far as they may have a bearing on this case, are set forth in a footnote.[2]

Defendant contends that the order of the trial court was proper by virtue of section 542b of the Code of Civil Procedure. That section reads: "An attachment or garnishment on personal property, whether heretofore levied or hereafter to be levied, shall, unless sooner released or discharged, cease to be of any force or effect and the property levied on be released from the operation of such attachment or garnishment, at the expiration of three years after the issuance of the writ of attachment under which said levy was made; and the property levied on shall be delivered to the defendant or his order or to his assignee or executor or administrator."

We think the authorities support defendant's contention, and that the order under review was correct.

■ It must be remembered, as the court said in *Arcturus Mfg. Corp.* v. *Superior Court*, 223 Cal.App.2d 187, 189-190 [35 Cal.Rptr. 502], that " 'Attachment liens are solely creatures of statute. They can be created and can continue to exist only in the cases and to the extent to which the legislature by statutory enactment has authorized their creation and continued existence.' (*Brun* v. *Evans*, 197 Cal. 439, 443 [241 P. 86].) 'It has been said that attachment is a harsh remedy at best in that an alleged debtor loses control of his property before the claim against him has been adjudicated. This being so, the provisions relating thereto should be strictly construed.' (*Barceloux* v. *Dow*, 174 Cal.App.2d 170 [344 P.2d 41], see also 5 Cal.Jur.2d, Attachment and Garnishment, § 4, p. 598, and cases cited therein.)"

■ The question before us is whether the filing of an undertaking as provided in section 946, Code of Civil Procedure, continues an attachment in force pending the appeal

---

[2] "In cases not provided for in sections 942, 943, 944 and 945, the perfecting of an appeal stays proceedings in the court below upon the judgment or order appealed from; but the court in its discretion may require an undertaking in an amount to be fixed by it conditioned for the performance of the judgment or order appealed from if the same is affirmed or the appeal is dismissed; . . ." (Code Civ. Proc., § 949.)

by the attaching creditor from the judgment in favor of defendant notwithstanding the provisions of section 542b of that code. To put it otherwise, does the appeal and the filing of an undertaking as provided in section 946 stay the application of section 542b and extend the force and effect of the attachment until the determination of the appeal. A look at the legislative and judicial background of section 542b brings us to the conclusion that the question before us must be answered in the negative.

As enacted in 1872, section 553 of the Code of Civil Procedure provided that if a defendant recovered judgment against the plaintiff ''any undertaking received in the action, all the proceeds of sales and money collected by the sheriff, and all the property attached remaining in the sheriff's hands must be delivered to the defendant or his agent. The order of attachment shall be discharged, and the property released therefrom.'' In *Loveland* v. *Alvord etc. Min. Co.*, 76 Cal. 562 [18 P. 682], decided in 1888, the court held that, in the absence of any provision in section 553 for the detention of the attached property pending an appeal, the property was no longer under attachment during the appeal. An attachment, said the court, ''is merely a creature of statute, its existence and operation in any case can continue no longer than the statute provides it may.'' (Pp. 564-565.) In 1907 section 553 was amended to provide as it still does, that the property must be released if defendant recovers judgment ''and no appeal is perfected and undertaking executed.''[3]

Section 542a as added to the code in 1909 (Stats. 1909, ch. 426, p. 749, § 1) provided, as it now does, that an attachment levied on real property shall be a lien on such property for a period of three years after the date of the levy unless sooner released or discharged. It also provided, as it now does, that at the expiration of three years the lien shall cease and any proceeding against the real property shall be barred, unless on noticed motion made before the expiration of the three years the court in which the action is pending extends the time of said lien for not more than two years.

In *Palmer* v. *Fix*, 205 Cal. 472 [271 P. 749], decided in

---

[3]As amended by Stats. 1907, ch. 373, p. 708, § 553 referred to the notice of appeal and undertaking filed as provided in section 937. The section was again amended by Stats. 1909, ch. 631, p. 967, to change the reference to section 946. The amendments by Stats. 1933, ch. 744, p. 1866, § 81, and Stats. 1959, ch. 833, p. 2883, § 1, are not material here.

1928, it was held that the sole jurisdiction to make an order under section 542a extending the lien of an attachment on real property abides in the superior court whose judgment has been appealed from, and that the power of that court to proceed under section 542a is not stayed under the provisions of section 946. The court further held that if it appeared to the appellant while his appeal from the judgment was pending "that his attachment lien which has been preserved to him pending said appeal and in conformity with the provisions of section 946 of the Code of Civil Procedure, above referred to, is otherwise about to cease, under the provisions and limitations of section 542a of the Code of Civil Procedure, it remains the duty of the attaching party, notwithstanding the pendency of the appeal and the issuance of the writ of *supersedeas* thereunder, to make timely application to the superior court wherein the action is pending for an extension of the term of said lien for the period provided for in said section of the code, and to procure from said court an order to that effect, upon the filing of a certified copy of which, within the required period, with the recorder of the county in which the property attached is situated, the lien of his attachment may be extended." (P. 475.)[4]

As a part of the judicial background of section 542b, *Palmer* v. *Fix, supra,* must be read with *Whitney* v. *Superior Court,* 199 Cal. 569 [250 P. 666], where it was held (p. 575-576) that a cursory reading of section 542a "will show that it has reference only to existing liens and that it has no application to attachment liens which have either expired by operation of law or have otherwise ceased to exist prior to the making of the motion for the extension thereof provided for in said section of the code." It would seem to follow, said the court, that an order of the superior court under section 542a reviving an attachment after the court had made a valid order discharging the attachment and releasing the real property from the lien of the attachment would be beyond the jurisdiction of that court.

We may be sure that when the Legislature enacted section 542b in 1929 it was well aware of sections 542a, 553 and 946 and of the interpretation of these sections by the courts.

---

[4]In *Palmer* v. *Fix,* 205 Cal. 472 [271 P. 749], the court denied the application of the cross-complainant and appellant to the Supreme Court for an order extending the lien of the attachment. Concurrently on the authority of that decision the court also denied the motion of the plaintiff for an order releasing the attachment. (205 Cal. 787.)

(*Enyeart* v. *Board of Supervisors*, 66 Cal.2d 728, 735 [2] [58 Cal.Rptr. 733, 427 P.2d 509].) As we have seen, section 542b provides unequivocally that an attachment on personal property "shall . . . cease"—the words are mandatory—"to be of any force or effect . . . at the expiration of three years after the issuance of the writ of attachment under which said levy was made."

Had the attachment been levied on real property, petitioners could have sought an extension of the lien under section 542a upon motion "made not less than five nor more than 60 days before the expiration of said period of three years," notwithstanding that an appeal was then pending from the judgment. (*Palmer* v. *Fix, supra,* 205 Cal. 472.) In section 542a, however, no provision is made for the extension of attachment liens on personal property. (*Arcturus Mfg. Corp.* v. *Superior Court,* 223 Cal.App.2d 187, 191 [35 Cal.Rptr. 502].)

As the court said in *Arcturus, supra,* at pages 191 and 193, "An attachment lien once terminated is totally ineffective (*Shaffer* v. *Noziglia,* 64 Cal.App. 93, 96 [220 P. 431]), and no court may revive it once it has ceased to exist. (*Brun* v. *Evans, supra,* 197 Cal. 439, 443. . . . [I]t seems manifest that, when the Legislature provided in detail in section 542a the method by which the life of an attachment on *real* property might be extended by the court, but failed to make any similar provision in section 542b relating to *personal* property (where the hardship suffered by the alleged debtor by reason of the attachment is vastly greater), it did not intend to authorize a plaintiff to extend or to recreate, a lien beyond the three-year period following the issuance of the original writ, or writs, under which the initial levy of attachment had been made."

The only exception we have been able to find to the application of section 542b is in a case involving the attachment of "the interest of a defendant in personal property belonging to the estate of a decedent" under section 561 of the Code of Civil Procedure which was added in 1923. (*Estate of Troy,* 1 Cal.App.2d 732, 734-735 [37 P.2d 471].) The court there said that section 561 is a special statute dealing exclusively with the attachment of the interest of an heir or legatee in the personal property of an estate, and provided a remedy where none had existed before. The question in that case was whether the lien of such an attachment lapsed on the expiration of the period of three years from the date of the levy under the

provisions of section 542b. The court held that it did not. ■ "Section 542b, which limits the life of an attachment lien to three years from the date of the levy, is a general provision enacted for the purpose of compelling diligence on the part of the attaching creditor. (*Jones* v. *Toland,* 117 Cal. App. 481, 483 [4 P.2d 178].) This reason does not apply where the attachment is levied upon the interest of an heir or legatee because the attaching creditor has no power to control the proceedings in probate. When the reason for the rule ceases the rule ceases and when a rule can be applied only by implication it should not be applied when there is no reason for it." (*Estate of Troy, supra,* 1 Cal.App.2d 732, 735-736.)

■ In the case before us the writ of attachment was issued on March 26, 1964. When defendant obtained his judgment against petitioner in February 1967, the lien of the attachment on defendant's property was in full force and effect. The filing of petitioner's notice of appeal and undertaking on March 6, 1967, as provided in section 946, continued the attachment in full force for as long as permitted by law. It is clear, however, from the plain language of section 542b and the authorities discussed above that the lien of the attachment ceased to exist by operation of law on March 26, 1967, notwithstanding the fact that an appeal from the judgment was then pending and that an undertaking has been filed pursuant to section 946. and the filing of the undertaking on appeal could not and did not extend the lien of the attachment beyond that date.

In our opinion the authorities relied on by petitioner are not controlling here. *Primm* v. *Superior Court,* 3 Cal.App. 208 [84 P. 786], was decided before the enactment of section 542b, Code of Civil Procedure. As to *Stockton Theatres, Inc.* v. *Palermo,* 51 Cal.2d 346 [33 P.2d 10], *Henderson* v. *Drake,* 134 Cal.App.2d 145 [285 P.2d 79], and *Jones* v. *Toland,* 117 Cal.App. 481 [4 P.2d 178], it need only be said that the question before us was not there raised. Nor can we agree that section 542b "relates solely to proceedings taken prior to judgment" as urged by petitioner on the authority of *Jones* v. *Toland, supra,* or that the purpose of the Legislature in enacting that section was to limit the duration of the attachment on personal property prior to an appeal from the judgment in favor of defendant and nothing more. We find nothing in the language of the section which warrants either of these conclusions.

The demurrer to the petition is overruled and the alternative writ is discharged. The petition for a peremptory writ is denied.

Cobey, Acting P. J., and Moss, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 7, 1967.