In re Frederick and Linda
ROBBINS, Debtors.

First Federal Bank of California,
Appellant,

v.

Frederick Robbins; Linda Robbins, James J. Joseph, Chapter 7 Trustee; United States Trustee; Appellees.

BAP No. CC–03–1344–JBMA.
Bankruptcy No. SA 02–18437–RA.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 18, 2004.

Filed May 10, 2004.

Mark Robbins, Epport, Richman & Robbins, LLP, Los Angeles, CA, for First Federal Bank of California.

John Mark Jennings, Marshack, Shulman, Hodges & Bastian, LLP, Foothill Ranch, CA, James J. Joseph, Chapter 7 Trustee.

Before: JAROSLOVSKY,[1] BRANDT, and MARLAR, Bankruptcy Judges.

1. Honorable Alan Jaroslovsky, Bankruptcy Judge for the Northern District of California, sitting by designation.

## OPINION

JAROSLOVSKY, Bankruptcy Judge.

Appellant First Federal Bank of California appeals from an order of the bankruptcy court denying it relief from the automatic stay to perfect its prejudgment attachment lien by obtaining a judgment in state court. Although there might be many sound reasons for denial of the motion, the two reasons apparently relied upon by the bankruptcy court are not among them. Accordingly, we VACATE its order denying the motion and REMAND for further consideration.

## FACTS

On May 2, 2002, appellant First Federal Bank of California filed suit against debtors Frederick and Linda Robbins in state court to enforce their personal guarantee of a $500,000 loan made to their corporation. On June 4, 2002, First Federal obtained writs of attachment (one against each debtor) attaching the debtors' residence, bank accounts, and "any other real property, personal property, deposit accounts, equipment, chattel paper, negotiable or other interests, securities, safe deposit boxes, accounts receivable, and final money judgments in the name of FREDERICK O. ROBBINS, LINDA B. ROBBINS, and/or the Classic Trust."

On September 16, 2002, First Federal instituted a second action in state court. This action sought to set aside, as a fraudulent transfer, a deed by which the Robbins had conveyed real property to their children.

The Robbins filed their Chapter 7[2] petition on October 31, 2002, which was about five months after the writs were issued. On January 21, 2003, First Federal sought relief from the automatic stay to be allowed to proceed to judgment in order to perfect its attachment liens. At the same time, it filed a separate motion for relief from the automatic stay in order to pursue the fraudulent conveyance action. The latter motion was withdrawn before hearing, and the former was denied on March 7, 2003.

On June 10, 2003, First Federal filed its third stay relief motion. This motion alleged that it had a right to stay relief to perfect its attachment liens, that relief was necessary to avoid prejudice to its lien rights by possible tax liens, and that its attachment lien extended to the fraudulently conveyed property. The Bankruptcy Court denied the motion for reasons not entirely clear from the record. The court tentatively denied the motion "for the reasons urged by the Chapter 7 trustee."[3] It made its ruling final by expressly agreeing that "[the bank] should be denied [its] opportunity to perfect that lien in state court."

## ISSUES

The primary issue in this case is whether the bankruptcy court can keep the automatic stay in place solely for the purpose of keeping a creditor with a pre-bankruptcy, unavoidable attachment lien from perfecting it by obtaining a judgment in state court. To the extent that the bankruptcy court based its decision on the legal conclusion that the estate's rights are superior to those of a prejudgment lien creditor in fraudulently conveyed property, we must

---

2. Absent contrary indication, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

3. Essentially, the Trustee argued that his rights under the Bankruptcy Code took precedence over the rights of First Federal as to fraudulently conveyed property.

decide if this was a valid basis for denial of stay relief.

## STANDARD OF REVIEW

 The decision of a bankruptcy court to deny relief from the automatic stay is appealable and is reviewed under the abuse of discretion standard. However, the decision is subject to reversal if based on an erroneous conclusion of law. *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 351 (9th Cir.1996).

## DISCUSSION

As the Ninth Circuit noted in *In re Southern Plastics:*

"Under California law, certain creditors may obtain a prejudgment writ of attachment against property of the debtor by establishing the probable validity of their claims. *See* Cal.Civ.Proc.Code §§ 484.090, 485.220, 486.020. An attachment lien is created when the creditor files a notice of attachment or otherwise levies on the property. *See* Cal.Civ. Proc.Code § 488.500(a). This lien has priority over subsequent liens. See Cal. Civ.Proc.Code § 488.500(b). Unlike the holder of a security interest, however, the attachment creditor has no right to proceed against the property until after the creditor obtains a judgment. *See Arcturus Mfg. Corp. v. Superior Court*, 223 Cal.App.2d 187, 35 Cal.Rptr. 502, 505 (1963). 'The attaching creditor obtains only a potential right or a contingent lien,' *Puissegur v. Yarbrough*, 29 Cal.2d 409, 175 P.2d 830, 831 (1946), which is perfected or converted to a judgment lien upon judgment for the creditor, *Arcturus*, 35 Cal.Rptr. at 505; cf. Cal. Prob.Code § 9304 (describing the procedure for converting an attachment lien into a judgment lien in the context of a probate action). The priority of the judgment lien relates back to the date of the attachment lien. Thus, an attachment lien acts as a placemarker, ensuring the creditor's spot in the priority line until the creditor can obtain judgment."

*In re Southern California Plastics, Inc.*, 165 F.3d 1243, 1246 (9th Cir.1999).

 A prejudgment attachment issued outside the preference period is enforceable in bankruptcy and is not avoidable as a preference. *In re Jenson*, 980 F.2d 1254 (9th Cir.1992); *In re Wind Power Sys., Inc.*, 841 F.2d 288 (9th Cir.1988). However, it must be perfected in order to be enforced and cannot be perfected by merely filing a proof of claim. *In re Southern California Plastics, Inc.*, 165 F.3d at 1248. In light of these cases, at least one court has determined that a creditor with an unavoidable attachment lien should be afforded relief from the automatic stay in order to proceed to judgment in the state court. *In re Aquarius Disk Services, Inc.*, 254 B.R. 253 (Bankr. N.D.Cal.2000).

 In our decision in *In re Southern California Plastics*, 208 B.R. 178 (9th Cir. BAP 1997), we noted that requiring stay relief in order to litigate in state court undermines the bankruptcy court's role in determining claims against the estate and is counter to numerous established objectives of the automatic stay including the maintaining of the status quo and avoiding litigation in different forums. It also noted that "[a] bankruptcy court could defeat an attachment lien by simply denying relief from the automatic stay." *Id.* at 182. While the bankruptcy court's basis for denying relief from the automatic stay in this case is not entirely clear, it appears that this was its intent.

Even while reversing our decision in *In re Southern California Plastics*, the Ninth Circuit agreed with us that the concept of

allowing litigation to proceed in state court once a bankruptcy petition has been filed is generally at odds with the purpose of the automatic stay. As the BAP had noted, the automatic stay is intended to avoid the expense of litigation in a foreign court. Moreover, two fundamental principles underlying the establishment of bankruptcy courts are violated by requiring litigation in state court: there should be a single court to decide all issues regarding distribution of a bankruptcy estate to insure equality of distribution, and expeditious administration of bankruptcy estates demands that bankruptcy disputes should not be subject to the vagaries and priorities of foreign dockets. However, the Circuit decision in *In re Southern California Plastics,* read together with its decisions in *Jenson* and *Wind Power Systems,* clearly establishes that a creditor with an attachment lien granted outside the preference period has a right to perfect its lien and that such perfection can only be made by entry of a state court judgment.[4] That being the case, it is error to use the automatic stay to thwart that right permanently.

In holding that a California attachment lien creditor has a right to relief from the automatic stay to perfect its lien in state court, we do not mean to suggest that this right trumps proceedings in bankruptcy court or that the bankruptcy court must cede any of its adjudicatory responsibilities to the state court. There may well be valid reasons for denying or delaying relief from the automatic stay to allow an attachment lien creditor to proceed to judgment in state court.

For instance, the property subject to the attachment may be encumbered by senior liens which have obtained leave to foreclose, rendering perfection of the attachment lien an expensive and futile exercise. Or the attachment lien may be the subject of an avoidance (in full or in part) by the debtor under § 522(f), or as a fraudulent transfer by the trustee under § 548. Or there may be an objection to the creditor's claim, which the bankruptcy court can determine as a contested matter (the result of which may, via preclusion rules, determine whether or not there is a judgment to be entered in the state court).

In this case, the primary bone of contention between the Trustee and First Federal was whether its attachment lien extended to fraudulently conveyed property.[5] This dispute could be decided by the bankruptcy court in a proceeding to determine the validity and extent of a lien pursuant to Rule 7001(2), and denial of relief while such an action was pending would have been a sound exercise of the bankruptcy court's discretion.[6] However, the court

---

4. The use of the term "perfection" is somewhat confusing. Even if an attachment lien was created more than 90 days before a bankruptcy filing, it may still be avoided if it has not been "perfected" in the bankruptcy law sense of being made effective against third parties. See § 547(e). The term "perfection" as used in relation to an unavoidable attachment lien really means "conversion to a choate lien by entry of judgment."

5. We note that some assets of lesser concern were also claimed by First Federal pursuant to its attachment lien. Since there appears to be no way that the lien may be perfected as to some assets but not others, it may be appropriate to delay allowing First Federal to perfect its attachment lien until all disputes are resolved.

6. *See In re Van de Kamp's Dutch Bakeries,* 908 F.2d 517, 519 (9th Cir.1990), observing the "well-established principle that a trustee who avoids an interest succeeds to the priority that interest enjoyed over competing interests." Should the trustee avoid the fraudulent transfer here alleged in his own right, the preserved transfer might well predate the attachment of First Federal's writ. That question is not properly before us, nor was it before the bankruptcy court in the context of a stay relief motion.

was not at liberty to moot this dispute by denying stay relief in perpetuity.

██ Nor was it appropriate for the court to decide First Federal's rights in the context of a stay relief motion. Relief from stay hearings are limited in scope to adequacy of protection, equity, and necessity to an effective reorganization; the validity of underlying claims is not litigated. *In re Johnson,* 756 F.2d 738, 740 (9th Cir.1985), *cert. denied,* 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985). Stay relief hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim. *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 32 (1st Cir.1994).

While many reasons may have justified denial of relief from the automatic stay, the bankruptcy court did not articulate a valid reason or state when relief might be appropriate. Instead, it agreed that the automatic stay should be maintained only for the purpose of blocking perfection of the attachment lien. Since this is not a proper purpose for maintaining the automatic stay under applicable Ninth Circuit precedent, the matter must be remanded for further consideration. The bankruptcy court should grant the requested relief if no sound reason for denial is present, or more clearly articulate its reasons for denial if it believes justice mandates that result. The mere prevention of perfection, however, is not a sound basis for denial of relief.

## CONCLUSION

While there may be many valid reasons for denying an attachment lien creditor immediate relief from the automatic stay in order to proceed to judgment in state court, the bankruptcy court did not find any of them. Its sole stated reason for denial, to prevent perfection of the lien, is inconsistent with established Ninth Circuit law and is therefore not a valid basis for denial. To the extent the bankruptcy court based its ruling on the belief espoused by the Trustee that the bankruptcy estate's rights in the fraudulently conveyed property were superior to those of First Federal, it was proper to deny relief only temporarily while the issue was being adjudicated in an appropriate proceeding.

Accordingly, we VACATE the order denying stay relief and REMAND the matter to the bankruptcy court for further consideration consistent with this opinion.