[Civ. No. 13052.   Second Dist., Div. Three.   May 29, 1942.]

W. J. JONES & SON, INC. (a Corporation), Appellant. v. INDEPENDENCE INDEMNITY COMPANY (a Corporation) et al., Respondents.

Chandler & Wright, John F. Gilbert and Oliver S. Northcote for Appellant.

Hester Webb, W. P. Wood and Morton L. Barker for Respondents.

WOOD (Parker), J.—Plaintiff appeals from an order denying its motion for issuance of execution under section 685 of the Code of Civil Procedure.

The following facts, as shown by affidavits in support of and in opposition to the motion, are undisputed:

On April 17, 1933, appellant levied an attachment on all assets of defendants held by the receiver of the First National Bank of Beverly Hills. On April 21, 1933, the receiver responded to the attachment as follows: "You are advised that I am unable to locate property of any description except that the records show that Receiver's Certificate No. 1654 for the sum of $5,021.88 has been issued and delivered to International Re-Insurance Corp., and a first dividend of 15 per cent has been paid on the claim. The certificate is the outstanding evidence of a proven claim against this failed bank and must be presented for endorsement when each subsequent dividend is delivered. Because of the notice of garnishment, I have entered on my records a hold order against delivery of subsequent dividend checks."

On June 13, 1933, appellant obtained a judgment against respondents for $21,368.70, which was satisfied partially, leaving a balance of $8,536.36. On June 17, 1933, a writ of execution was levied on any sums or credits due from the

said bank to respondent International Re-Insurance Corporation, by serving the receiver of the bank. The receiver made no reply thereto. When the writ of execution was levied, the assets of said respondent were in the possession of receivers appointed by the United States District Court.

On June 28, 1933, the Insurance Commissioner of California was appointed liquidator of said International Re-Insurance Corporation by the superior court at San Francisco, with the exception that the order of said court exempted control of assets which were under control of the receivers appointed by the United States District Court. On December 3, 1934, the United States Supreme Court dismissed the said receivership proceeding as to said International Re-Insurance Corporation.

On January 10, 1935, the liquidation order of the superior court was extended to cover "all assets of said International Re-Insurance Corporation located in the State of California," and since said time said Insurance Commissioner has been the liquidator of said respondent.

Dividends on the bank receiver's certificate No. 1654 in the aggregate sum of $1,841.35, and the receiver's checks representing such dividends, are held by the bank receiver.

Further alleged facts recited in the affidavit in support of the motion are: that the bank receiver's certificate No. 1654, representing the claim of respondent, International Re-Insurance Corporation, against the bank has never come into possession of said Insurance Commissioner, but in the opinion of said commissioner said certificate had been forwarded to the primary receiver for said respondent at respondent's office in Pennsylvania; that said certificate cannot be found by the primary receiver and the location of said certificate is unknown; that appellant has sought diligently to locate assets belonging to respondents; that the bank receiver refused to pay the dividend to appellant on the ground that said Insurance Commissioner also has demanded payment thereof.

Further alleged facts recited in the affidavit in opposition to the motion are: that no steps were taken by appellant to enforce collection from the bank receiver of monies deposited with the bank by the International Re-Insurance Corporation; that more than five and one-half years have elapsed since the levy of execution, and more than four and one-half years have elapsed since the expiration of the lien created by the levy of execution.

Appellant contends (1) that the order of the superior court at San Francisco made on January 10, 1935, by which its previous order of liquidation was extended to cover "all assets of said International Re-Insurance Corporation located in the State of California," did not apply to receiver's certificate No. 1654, for the reason it was not and has not been located in California; (2) that the dividends or checks representing the same have never been in the possession of the Insurance Commissioner; and (3) that under the Insurance Code and the order of the superior court at San Francisco, the superior court at Los Angeles did have jurisdiction to make the order for issuance of the execution herein sought.

As to point (1) : the receiver's certificate was evidence only of the indebtedness from the defunct bank to the defunct insurance company. The evidence of the debt was not the debt itself. No provision of law is cited giving such receiver's certificates any legal standing, even as evidence of the debt, and examination of the provisions of the United States Code regarding liquidation of national banks fails to disclose any such provision. The certificate is nothing more than the receiver's memorial of the action taken in approving the claim. If the certificate should be destroyed, (or as shown in this instance could not be found) the thing it represented, namely, the fact that the defunct bank was indebted to said respondent, would still exist and might be proved by other evidence. Possession of the said evidence, the receiver's certificate, was not necessary to entitle the Insurance Commissioner, as liquidator, to have control of and to exercise dominion over the claim of the defunct insurance company against the defunct bank. The dividends accrued, which were allocated to respondent and held by the bank for respondent, were therefore assets of respondent within California to which the Insurance Commissioner was entitled under the order appointing him liquidator.

If, as appellant contends, the certificate was the asset and the physical possession of it was necessary in order for the liquidator to exercise dominion over the claim against the bank and receive the dividend, then it would seem by the same reasoning that appellant's asserted right to an execution would be limited to an execution upon the asset, the certificate, rather than the dividends. If, as appellant contends further, the certificate was a negotiable instrument, then

execution, if any, should be levied upon the instrument in the hands of the holder, rather than serving the writ of execution upon the maker. (*Gow* v. *Marshall,* (1891) 90 Cal. 565, 569 [27 Pac. 422].)

As to point (2): the fact that the dividends or checks representing them have not been in actual possession of the Insurance Commissioner does not signify that he is not entitled to such possession of them under the order appointing him liquidator. The dividends were payable to, and were an asset of, the insurance company. The Insurance Commissioner would be entitled thereto under the order appointing him, subject to any lien upon the specific property which was obtained more than four months prior to the liquidation order.

As to point (3): appellant's attachment lien may have been merged in the lien of the execution; but if not, it ended at the expiration of three years after the issuance of the writ (Code Civ. Proc., § 542(b)), the date of which does not appear but cannot have been later than the date of the levy, April 17, 1933. The levy of execution did not bind the property after one year from the issuance of the execution, which occurred June 17, 1933. Thus at the time of the order of liquidation, made January 10, 1935, the lien of plaintiff's execution had ceased, and if the lien of the attachment was then in force, it, too, ended on or before April 17, 1936, so that, at the time the order appealed from was made, appellant had no lien of any kind on the claim of respondent against the bank, but was an unsecured general creditor. This conclusion is not precluded by the provision of section 1019 of the Insurance Code that the rights of creditors of an insurance company in liquidation "shall be fixed" as of the date of entry of the order of liquidation. At that date plaintiff's right of lien, if any, was a mere attachment lien which would end by operation of law on April 17, 1936. When that date passed without further action to enforce that lien it was gone. The order did not operate to alter or extend it.

The court which made the liquidation order was authorized to ". . . issue such other injunctions or orders as may be deemed necessary to prevent. . . . (d) The obtaining of preferences, judgments, attachments, or other liens against such person or its assets. (e) The making of any levy against any such person or its assets." (§ 1020, Ins. Code.) Section 1057 of the Insurance Code provides that the commissioner shall be deemed to be a trustee for all the creditors. It was

his duty to collect the assets (§ 1037, Ins. Code) and distribute them ratably among the creditors (§ 1025, Ins. Code), subject to certain priorities (§ 1033, Ins. Code) in which appellant is not included.

If appellant, an unsecured general creditor, were permitted to levy on and obtain the dividends held by the bank receiver, the other creditors would be deprived of any share in those dividends, and appellant would obtain a preference or a greater percentage than other creditors.

The trial court did have general jurisdiction of the subject matter and the parties, but in view of the fact that the liquidation proceedings were pending in another court, and in view of the provisions of the Insurance Code, particularly section 1020, it would have been an error in the exercise of judgment to authorize the issuance of the writ of execution.

The trial court did not abuse its discretion. Although the court stated it would have granted the motion if it had been a matter of discretion only, it did exercise discretion in its determination that the motion should be denied. ▮ The reason for the ruling is not material. If the decision is correct it must be sustained regardless of the considerations which may have moved the trial court to its conclusion. (*Rapp* v. *Southern Service Co.,* (1931) 116 Cal. App. 699, 705-6 [4 P. (2d) 195].)

The order denying the motion is affirmed.

Shinn, Acting P. J., and Shaw, J. pro tem., concurred.