532 A.2d 712

**Pratibha JOSHI**

v.

**KAPLAN, FREELAND, SCHWARTZ AND
BLOOMBERG, P.C.**

**No. 184, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Nov. 6, 1987.

Pratibha Joshi, Silver Spring, for appellant.

Michael L. Schwartz and Paul Bloomberg (Kaplan, Freeland, Schwartz & Bloomberg, P.A., on the brief), Baltimore, for appellee.

Submitted before WILNER, ALPERT and WENNER, JJ.

ALPERT, Judge.

The course of litigation between the parties is a long and arduous one, but its history sheds some light on the issue

before this court. Appellee, Kaplan, Freeland, Schwartz and Bloomberg, P.C., is a law firm that obtained summary judgment against appellant in the amount of $22,349.20 in a cause of action for unpaid attorneys' fees. Appellant, Dr. Pratibha Joshi, appealed the grant of summary judgment but lost. *See Joshi v. Kaplan,* Unreported Case No. 434 (Court of Special Appeals of Maryland, Dec. 10, 1986) (per curiam), *cert. denied,* 309 Md. 325, 523 A.2d 1013 (1987).

This appeal arises out of appellant's efforts to block enforcement of the judgment. On June 4, 1986, the sheriff of Montgomery County attached two parcels of land that belonged to appellant. Five days later, appellant moved for release of the realty from levy but that motion was denied on June 27, 1986. Appellant filed an appeal from this decision, and the appeal was unresolved at the time of the hearing which fostered this appeal.

In November 1986, appellee contacted the sheriff's department and asked it to move forward with the sale of the realty. Appellee informed appellant of this request, and told appellant that it would proceed with the sale of the property unless appellant posted an appeal bond within five days. Appellant then filed a motion for release of the real property under Rule 2–643(c)(6), alleging that the property should be released since the levy existed for more than 120 days without sale of the property.

The Honorable L. Leonard Ruben of the Circuit Court for Montgomery County presided at the hearing on the motion. He ordered that the property be released from levy but only upon the condition that appellant post a $25,000 (supersedeas) bond. Appellant posted the bond and then filed this appeal.

Appellant's argument that the levy on the real property should have been released unconditionally is premised on Maryland Rule 2–643(c), which provides in pertinent part:

> Upon motion of the judgment debtor, the court may release some or all of the property from a levy if it finds that ... (6) the levy has existed for 120 days without sale

of the property, unless the court for good cause extends the time.

Appellant contends that since the rule does not provide for imposing a bond as a condition of release, Judge Ruben was not empowered to do so. We agree that this result is required by an analysis of the rule.

■ At the hearing on appellant's motion, appellee argued that it delayed asking for sale of the property until it was clear that the appeals taken by appellant would be resolved in appellee's favor. While we can understand the reason for the delay, appellee could not unilaterally extend the statutory timeframe. The Maryland Rules of Procedure, that pertain to the sale of property subject to levy, prescribe a tight scheme for enforcement of judgments through levy and execution. If appellant wanted to prevent the sale of her property during the pendency of her appeals, she had the option of posting a supersedeas bond pursuant to Rule 1017. On the other hand, appellee had the duty to sell, within 120 days, the property that was subject to the levy. *See* Rule 2–643(c)(6). The Rules, however, do not permit the judgment creditor unilaterally to decide to extend the 120 day period awaiting the outcome of an appeal.

### I. Release must be unconditional.

■ The language of Rule 2–643(c)(6) permitted the trial judge to extend the 120 day period upon a finding of good cause for the extension. Moreover, if the time period was extended and the appellant wanted to stay further execution proceedings while her appeal was pending, she would be required to post a bond under Rule 1017 in an amount equal to the unsatisfied judgment, plus interests and costs. Judge Ruben's order, however, read as follows:

*the Court having been satisfied that the Plaintiff/Judgement Creditor has not shown good cause for extending the time*, it is on this 5th day of January, 1987, by the Circuit Court for Montgomery County, Maryland

ORDERED that the defendant/Judgement Debtor's motion is granted and the Sheriff of Montgomery County,

Maryland is hereby directed to desist from selling the property at the behest of the Plaintiff/Judgement Creditor and it is further ORDERED that *the aforesaid real property be and hereby is released from levy upon posting of bond in amount of $25,000 within 10 days of this date.*

(Emphasis added.)

We agree with appellant's argument that Rule 2–643(c)(6) does not permit the trial judge to find that there was not good cause for extending the 120 day period for sale of the property, and then require appellant to post a bond to obtain a release of the property from levy. Appellee contends that Rule 2–643(c)(6) gives the trial judge discretion to extend the time period upon a finding of good cause or impose any conditions the judge finds warranted by the circumstances even if good cause for extension is not shown. This argument is not supported by the language of the rules or by their intent.

A literal but fair reading of Rule 2–643(c)(6) provides for an extension of the 120 day period only upon a finding of good cause. Moreover, although the Rules permit a judgment debtor voluntarily to post a bond to avoid execution if the levy and the execution are proper,[1] there is no provision in the rules for requiring a judgment debtor to post a bond as a condition of obtaining a release to which the debtor was otherwise entitled.

## II. Release is mandatory, not permissive.

Appellee argues, however, that the language used in Rule 2–643 is permissive, and that appellant was not necessarily entitled to an unconditional release of the property from levy once the judge found that there was no good reason for an extension of the statutory period. Continuing that argument, appellee maintains that because the Rule uses the phrase *"may release* some or all of the property from

---

1. *See* Rule 2–643(b), which permits a judgment debtor to post a bond to obtain a release from levy, and Rule 1017, which permits judgment debtor to avoid execution during pendency of an appeal.

levy" (Rule 2–643(c) (emphasis added)), the judge could exercise his discretion and require appellant to post a bond to obtain release of the property. The rule contemplates six potential and apparently alternative findings—(1) through (6). We are here dealing only with the 6th potential finding and, therefore, need not determine whether release is mandatory or permissive upon the occasion of any of the first five.

Legislative (or rule-making)[2] use of the words "may" or "shall" does not definitively resolve the interpretation of a statute or rule. *See Charles County Emp. Local Union 301 v. Board of Education,* 48 Md.App. 339, 344, 427 A.2d 1025 (1981). Proper construction of the word "may" can only be determined by "viewing it in the context in which it is used." *Planning Comm. v. Silkor Corp.,* 246 Md. 516, 524, 229 A.2d 135 (1967). The presumption is that the word bears its ordinary, permissive meaning unless
> the context of the purpose of the statute shows that it is
> meant to be imperative: "only when the context or sub-
> ject-matter compels such construction."

*Id.,* citing *Farmers' & Merchants' Bank v. Federal Reserve Bank,* 262 U.S. 649, 662–63, 43 S.Ct. 651, 656, 67 L.Ed. 1157 (1923). *See also Charles County Emp. v. Board of Education,* 48 Md.App. at 344, 427 A.2d 1025; Am.Jur.2d § 24 ("permissive ... language of a statute is presumed to be used in its ordinary sense, unless it would manifestly defeat the object of the provision").

After careful analysis of the Rules and its surrounding history, we find that the obvious purpose of Rule 2–643(c)(6) requires this court to interpret the provision as giving the trial judge no discretion, once he determines there is not good cause for an extension of the 120 day period for sale of the attached property. The practical effect of Rule

---

**2.** *See In re Leslie M.,* 305 Md. 477, 481, 505 A.2d 504 (1986), which held that "[t]he same standards are used for interpreting rules of procedure as are used for interpreting statutes." *See also Pappas v. Pappas,* 287 Md. 455, 465, 413 A.2d 549 (1980).

2–643(c) is to give a judgment debtor some relief from attachments of property that are unnecessarily burdensome. Comments by members of the Rules Committee during a discussion of Rule 2–643(c)(6) indicate that the purpose of that particular provision was to "curtail undue delay by the creditors' attorney." March 12, 1982 Minutes, Rules Committee Meeting, p. 22. That purpose is best served by requiring that judgment creditors comply with the timeframe prescribed in the rules. To hold otherwise would make the 120 day period and the extension for good cause provisions a nullity. Appellee asks this court to reduce the rule to a general proposition that a release of the property after the 120 day period is purely discretionary. If that were the intent of the drafters of the rule, there would have been no reason to impose a time frame and no reason to provide for an extension of that time frame for good cause.

### III. Clear language of order not surplusage.

■ Appellee further argues that the language in the order stating there was not good cause for extension was boilerplate, and that there was not really a finding that there was a lack of good cause. Appellee contends that Judge Ruben's order was designed to permit appellant to win the battle but lose the war by permitting her to win on her motion for release of the property but requiring her to post a bond which appellee could use to satisfy its judgment. This argument is purely speculative and without any legal basis. We cannot second guess the findings of fact of the judge, nor can we determine that the trial judge did not actually mean what he said in his order. *See* Rule 1086. *See also Courtney v. Richmond,* 55 Md.App. 382, 387, 462 A.2d 1223 (1983). Once the judge found there was no good cause justifying an extension of the 120 day period for sale of the attached property, he had no alternative but to release the property from attachment.

### IV. Appeal is not moot.

■ Finally, appellee contends that the appeal is moot as appellant posted the bond in accordance with Judge Ruben's

order. Appellee argues that since the judgment on the merits has been affirmed, there is no reason why appellee cannot satisfy the judgment with the bond, even if it were improperly required to be posted. This argument likewise is without merit. Appellant was improperly required to post money as a bond. Consequently, appellant is entitled to an unconditional release of the bond money. Appellee has cited no precedent, nor can we find any, that entitles appellee to take advantage of the unlawfully imposed bond.

While there is a paucity of authority on the legal effect of a delay in sale after execution, we find *W.J. Jones & Son v. Independence Indemnity Co.*, 52 Cal.App.2d 374, 126 P.2d 463 (Cal.Dist.Ct.App.1942), to be supportive. In *W.J. Jones,* a judgment creditor was owed $8,536.36 on a partially satisfied judgment. A writ of execution was levied but the court found that more than five and one-half years elapsed since the levy of execution. After pointing out the delay, the court noted that under California law, a levy existed on attached property for only one year. The court stated:

> Appellant's attachment lien may have been merged in the lien of execution; but if not, it ended at the expiration of three years after the issuance of the writ.... The levy of execution did not bind the property after one year from the issuance of the execution, which occurred June 17, 1933. Thus at the time of the order of liquidation, made January 10, 1935, the lien of plaintiff's execution had ceased, and if the lien of the attachment was then in force, it, too, ended on or before April 17, 1936, so that, at the time the order appealed from was made, appellant had no lien of any kind on the claim of respondent against the bank, but was an unsecured general creditor.... *At that date plaintiff's right of lien, if any, was a mere attachment lien which would end by operation of law on April 17, 1936. When that date passed without further action to enforce that lien it was gone.*

*Id.* 126 P.2d at 466. *See also Vest v. Superior Court,* 140 Cal.App.2d 91, 294 P.2d 988, 991 (Cal.Dist.Ct.App.1956) ("Under [Cal. Code of Procedure], ... the lien created by

the levy of a writ of execution obtains for only a single year and where a sale is had after the expiration of a year's time from the issuance of a writ, the sale is void.").

Our conclusion that the bond was improperly required compels us to vacate the order of the trial judge insofar as it relates to the imposition of the bond.

We note in conclusion, however, that nothing in this holding today prevents appellee from executing on the property that is the subject of this opinion.

ORDER VACATED IN PART; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. APPELLEE TO PAY THE COSTS.