**In the Matter of WELDED CONSTRUC-TION, INC., Bankrupt.**
**Ralph H. COLEMAN, Trustee, Appellant,**
v.
**George A. MURDOCK, David D. Tomb, Charles R. Johnson, Appellees.**
**No. 15679.**

United States Court of Appeals
Sixth Circuit.
Dec. 31, 1964.

Hugh Wells, Cleveland, Ohio, for appellant.

No attorneys for appellees.

Before CECIL and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.*

PER CURIAM.

This is an appeal from a judgment of the District Court for the Northern District of Ohio, Eastern Division, which vacated without prejudice a turnover order requested by the appellant trustee and entered by a Referee in Bankruptcy against the appellees. This order directed three officers of Welded Construction, Inc., debtor-in-possession, to pay the sum of $23,515.08 to the trustee, appellant herein. The purpose of this turnover order was to recover a judgment against the appellee officers aforesaid for alleged fraudulent disbursement of the bankrupt's funds to certain creditors both before and after the filing of an involuntary petition in bankruptcy and before an order was entered authorizing the debtor-in-possession to operate the business. There was no court order permitting these officers to disburse the funds aforesaid.

---

* Sitting by designation.

The District Judge, in reviewing the Referee's action, ruled that the turnover order was improperly employed, since it did not seek funds belonging to the bankrupt corporation and in the possession of a third party, but rather sought a money judgment against the appellee officers of the corporation for alleged fraudulent disbursement of same. The Court held that the action should have been a plenary, rather than a summary proceeding, and vacated the Referee's order and judgment against the appellees without prejudice to the appellant trustee to assert his claim in a plenary proceeding.

The money claimed by the appellant trustee was neither in the possession nor under the control of the appellees at the time of the hearing before the referee, a fact which is not controverted.

■■■■ Summary proceedings of the type here in question are inappropriate when a trustee in bankruptcy seeks to recover damages for a wrongful act which prevents him from bringing into the bankrupt estate converted property. While a turnover order issued through summary procedure is both efficient and expeditious, it is conditioned upon the existence of two prerequisites. First, it is required that the money or property directed to be turned over to the trustee be a part of the bankrupt's estate. Secondly, the bankrupt or person ordered to turn over the property must have it in his possession or under his control at the time the order of delivery is made. In re Rosser, 8 Cir., 101 F. 562 (1900); 2 Collier on Bankruptcy, Sec. 23.10. The established rule is that a turnover order cannot be made unless the party proceeded against at that time has possession of the specific property sought to be recovered as part of the bankrupt's estate. In re 671 Prospect Avenue Holding Corporation (Newfield v. East River Savings Bank), 2 Cir., 118 F.2d 453 (1941), cert. denied, 314 U.S. 642, 62 S.Ct. 83, 86 L.Ed. 515. The Supreme Court said in Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948):

"* * * courts of bankruptcy have fashioned the summary turnover procedure as one necessary to accomplish their function of administration. It enables the court summarily to retrieve concealed and diverted assets or secreted books of account the withholding of which, pending the outcome of plenary suits, would intolerably obstruct and delay administration. * * *

"But this procedure is one primarily to get at property rather than to get at a debtor. * * * The order for possession may extend to proceeds of property that has been disposed of, if they are sufficiently identified as such. But it is essentially a proceeding for restitution rather than indemnification, with some characteristics of a proceeding in rem; the primary condition of relief is possession of existing chattels or their proceeds capable of being surrendered by the person ordered to do so. It is in no sense based on a cause of action for damages for tortious conduct such as embezzlement, misappropriation or improvident dissipation of assets.

"The nature and derivation of the remedy make clear that it is appropriate only when the evidence satisfactorily establishes the existence of the property or its proceeds, and possession thereof by the defendant at the time of the proceeding." (Emphasis added) 333 U.S. 56, 62–64, 68 S.Ct. 401, 405, 92 L.Ed. 476, 483–484.

Since the funds here in question were not in the possession or under the control of the appellees at the time of the hearing before the Referee in Bankruptcy, the holding of the District Court as to the inappropriateness of the summary proceeding was proper. A plenary proceeding should have been pursued. There appearing no reversible error, the District Court is therefore in all things affirmed.