**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN DAVID SHAPIRO, Trustee of the bankruptcy estate of Barbara Melinda Henson,<br><br>*Appellant*,<br><br>v.<br><br>BARBARA MELINDA HENSON,<br>*Appellee*. | No. 11-16019<br><br>D.C. No.<br>2:10-cv-00726-ECR-GWF<br><br><br><br>OPINION |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Submitted October 8, 2013[*]
San Francisco, California

Filed January 9, 2014

Before: N. Randy Smith and Jacqueline H. Nguyen, Circuit
Judges, and Gordon J. Quist, Senior District Judge.[**]

Opinion by Judge N.R. Smith

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

## SUMMARY[***]

### Bankruptcy

The panel reversed the district court's decision affirming the denial of a bankruptcy trustee's motion for turnover of property pursuant to 11 U.S.C. § 542(a).

Referring to the plain language of § 542(a), pre-Bankruptcy Code turnover practice, and the context of other Code provisions, and declining to follow the Eighth Circuit, the panel held that the trustee's turnover power is not restricted to property of the estate at the time the motion for turnover is filed. The panel remanded the case for further proceedings.

### COUNSEL

Brian D. Shapiro, Law Office of Brian D. Shapiro, LLC, Las Vegas, Nevada, for Appellant.

Tara Twomey, National Consumer Bankruptcy Rights Center, San Jose, California, for Amicus Curiae National Association of Consumer Bankruptcy Attorneys.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

N.R. SMITH, Circuit Judge:

Bankruptcy Code § 542(a) grants a bankruptcy trustee the power to recover property of the debtor's estate or such property's value. With this power, the trustee may seek recovery from entities having "possession, custody, or control" of the property sought, whether the property was in the entity's possession, custody, or control at the time the motion was filed or at any other point during the pendency of the bankruptcy case. Therefore, we reverse the district court's decision affirming denial of bankruptcy trustee Brian Shapiro's motion for turnover and remand for further proceedings.

## FACTS & PROCEDURAL HISTORY

On August 7, 2009, Barbara Henson filed a voluntary Chapter 7 bankruptcy petition. At the time she filed bankruptcy, Henson had a Bank of America checking account with $6,955.19 therein. Henson had written several checks drawn on this account before filing for bankruptcy, but the bank did not honor those checks until after she filed her petition.

On October 2, 2009, Brian Shapiro (the bankruptcy trustee appointed for Henson's case) sent Henson a letter demanding that Henson turn over the funds that had been in her bank account. On November 3, 2009, Henson denied being in possession of the funds and indicated that she would

not comply.[1] On November 11, 2009, Shapiro responded by filing a motion for turnover under § 542(a) against Henson to recover $6,155.19 of her petition-date account balance.[2]

The bankruptcy court denied the motion, because Henson did not have possession or control of the funds at the time Shapiro filed the motion for turnover. Shapiro appealed to the district court. The district court affirmed, and Shapiro then timely filed the instant appeal.

While this appeal was pending, the National Association of Consumer Bankruptcy Attorneys ("NACBA") filed a motion seeking leave to file a brief as amicus curiae in support of Henson, including with the motion its proposed amicus brief. We GRANT the NACBA's motion.

## STANDARD OF REVIEW

We review the district court's decision affirming the bankruptcy court de novo. *Barclay v. Mackenzie* (*In re AFI Holding, Inc.*), 525 F.3d 700, 702 (9th Cir. 2008). We also review a bankruptcy court's interpretation of the Bankruptcy Code de novo. *Tighe v. Celebrity Home Entm't, Inc.* (*In re*

---

[1] Henson does not dispute that the amount in her checking account at the time she filed her bankruptcy petition was part of the bankruptcy estate.

[2] Recognizing that $800.00 of the checking account balance was exempt, Shapiro initially sought to turn over the account balance less the exempt $800.00. Shapiro later discovered that Henson had transferred $3,239.00 from her checking account to her bankruptcy counsel. Thus, Shapiro filed a separate action against Henson's attorney to recover funds from that transfer and reduced the amount he sought to recover from Henson by $3,239.00, making the final amount Shapiro sought $2,916.19.

*Celebrity Home Entm't, Inc.*), 210 F.3d 995, 997 (9th Cir. 2000).

## DISCUSSION

The question presented in this case is one of first impression in this circuit: whether a trustee's turnover power is solely restricted to recovering bankruptcy estate property, or its value, from entities having "possession, custody, or control" (collectively "possession") of such property at the time the motion for turnover is filed. The plain language of § 542(a), pre-Code practice, and the context of other Code provisions indicate that the trustee's turnover power is not restricted to property of the estate at the time the motion is filed.

### A.  Section 542(a)'s Text

The "starting point for interpreting a statute is the language of the statute itself." *United States v. Buckland*, 289 F.3d 558, 564 (9th Cir. 2002) (quoting *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 25 (1989) (internal quotation marks omitted)). Section 542(a) states in relevant part, "[A]n entity . . . in possession, custody, or control, during the case, of [property of the estate, or exempt property], shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a). Two key phrases evidence that § 542(a) allows a turnover motion to be brought against the entity at any time during the pendency of the bankruptcy case, even if the entity no longer possesses or has custody or control over the property, at the time the motion is filed.

### 1. "During the Case"

First, "during the case" means that the trustee may bring a motion for turnover against an entity who *has* possession of the property of the estate, or *had* possession of that property at some point during the bankruptcy case. Section 542(a) does not include any words that hint at a narrower time of possession, and there is certainly no reference to the time of the motion's filing. *See id.* Rather, the statute only specifies that an entity "in possession, custody, or control, during the case" of estate property must turn it over to the trustee. *Id.*

Nor do we infer from this silence, with respect to whether an entity's obligation to turn over property continues after possession ceases, a requirement of present possession at the time of the motion. *See United States v. Wells*, 519 U.S. 482, 496 (1997) ("[I]t is at best treacherous to find in congressional silence alone the adoption of a controlling rule of law." (quoting *NLRB v. Plasters' Local Union No. 9*, 404 U.S. 116, 129–30 (1971) (internal quotation marks omitted)).

Moreover, other courts agree with this interpretation of "during the case" within the context of § 542(a). *See, e.g.*, *Beaman v. Vandeventer Black, LLP* (*In re Shearin*), 224 F.3d 353, 356 (4th Cir. 2000) ("We construe the language 'during the case' to refer to the entire bankruptcy case. . . .") (citation omitted); *Newman v. Schwartzer* (*In re Newman*), 487 B.R. 193, 199–200 (B.A.P. 9th Cir. 2013)[3] (finding "debtor [had] 'possession, custody, or control' of the property 'during the

---

[3] Although "decisions by the BAP are not binding on this court," BAP opinions may be "persuasive and aid [the panel in its] reading of the Bankruptcy Code." *Sigma Micro Corp. v. Healthcentral.com* (*In re Healthcentral.com*), 504 F.3d 775, 784 n.3 (9th Cir. 2007).

case'" although debtor had spent the tax refund at issue by the time the turnover motion was filed).

## 2. "Or the Value of Such Property"

Second, the phrase "or the value of such property" indicates that the entity need not be in possession of the property itself when the trustee files the motion for turnover. *See* 11 U.S.C. § 542(a). Because § 542(a) permits a trustee to recover "the value of [the] property," instead of just the property itself, possession cannot be required in order to bring the motion for turnover. This phrase shows that the trustee has a remedy in a case where an entity was "in possession" of estate property at some point "during the case," but lost possession of that property by the time the trustee brought the motion for turnover. In such a case, the trustee may recover the "value of such property" from the entity previously in possession.

Again, other courts espouse this view. "If the statute were read to require current possession of the property, the language allowing a trustee to alternatively recover 'the value of the property' would become superfluous, as the trustee could only recover the property itself." *In re Newman*, 487 B.R. at 200–01 (quoting *Jubber v. Ruiz* (*In re Ruiz*), 455 B.R. 745, 751 (B.A.P. 10th Cir. 2011)) (internal quotation marks and alterations omitted); *see also Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A.* (*In re USA Diversified Prods., Inc.*), 100 F.3d 53, 55–57 (7th Cir. 1996) (stating that § 542(a) "requires the delivery of the property *or the value of* the property," and finding that a law firm had to turn over the amount of funds it released to debtor between the time of the bankruptcy petition's filing and the turnover motion's filing) (emphasis in original).

While it has been argued that including the phrase "the value of such property" merely continues the pre-Code practice of permitting the trustee to bring a turnover action against someone in possession of the *proceeds*[4] of property of the estate, *see Brown v. Pyatt* (*In re Pyatt*), 486 F.3d 423, 429 (8th Cir. 2007), this argument has little force. Congress's "decision to use one word over another in drafting a statute is material." *S.E.C. v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003). We "must presume that Congress intended a different meaning when it uses different words in connection with the same subject." *Ariz. Health Care Cost Containment Sys. v. McClellan*, 508 F.3d 1243, 1250 (9th Cir. 2007). Here, the Code drafters used the term "value of such property" in § 542(a), not the term "proceeds." *See* 11 U.S.C. § 542(a). Yet in the immediately preceding section, the drafters used the term "proceeds." *See id.* § 541(a)(6). Therefore, Congress did not intend § 542(a)'s language "value of such property" to mean bankruptcy estate property "proceeds." *See McClellan*, 508 F.3d at 1250.

In sum, the phrases "or the value of such property" and "during the case" evidence the trustee's power to move for turnover against an entity that does not have possession, custody, or control of property of the estate at the time the motion is filed.

## B.  Pre-Code Practice

Our reading of § 542(a) is buttressed by pre-Code turnover practice, which, when viewed as a whole, did not

---

[4] "Proceeds" is a term of art in the context of secured transactions. *See* U.C.C. § 9-102(a)(64).

require an entity to have possession of the property the trustee sought through turnover at the time the motion was filed.

### 1. Background

Before the Code's enactment, a trustee had two methods of recovering estate property from an entity who had possession of it at one time. *See Boyer v. Davis* (*In re U.S.A. Diversified Prods., Inc.*), 193 B.R. 868, 875–79 (Bankr. N.D. Ind. 1995). The trustee could pursue recovery through either a summary proceeding or a plenary proceeding. *See id.* at 875. A summary proceeding was a special proceeding conducted by the bankruptcy referee, whereas a plenary proceeding resembled a civil trial. *Id.* at 876.

The product of a summary proceeding was typically an order to turn over the estate's property to the trustee. *Id.* These orders were usually enforced via motions for contempt. *Id.* By contrast, the product of the plenary proceeding would be a judgment, which the trustee would have to enforce the same as any other court judgment. *Id.*

### 2. Analysis

This dual-method system for turnover is significant, because possession at the time of a *plenary* turnover motion's filing was not required under pre-Code law, even though present possession in a *summary* proceeding was. *Compare Coleman v. Murdock* (*In re Welded Constr., Inc.*), 339 F.2d 593, 594 (6th Cir. 1964) (per curiam) (holding that a plenary, not a summary, proceeding was appropriate when the entity from which the trustee sought turnover no longer had possession of the funds sought), *with Maggio v. Zeitz* (*In re Luma Camera Serv., Inc.*), 333 U.S. 56, 63–64 (1948)

(requiring in a summary proceeding "the existence of the property or its proceeds, and possession thereof by the defendant at the time of the proceeding"). This difference in requirements turned on the remedy sought. Because a motion for contempt was the usual means of enforcing summary turnover, present possession was required so that an entity could not be held in contempt for failing to do the impossible—turn over property it no longer possessed. *In re Luma Camera Serv., Inc.*, 333 U.S. at 59–60.

On the other hand, because plenary proceedings were not enforced via motions for contempt, there was no need for the protection the present possession requirement provided. *See generally In re U.S.A. Diversified Prods. Inc.*, 193 B.R. at 876. Further, a plenary proceeding was available should a summary proceeding fail for lack of present possession. *See, e.g.*, *In re Welded Constr., Inc.*, 339 F.2d at 594; *In re U.S.A. Diversified Prods. Inc.*, 193 B.R. at 878 ("[T]he inability to obtain summary turnover merely required the trustee to resort to a civil action in a court of appropriate jurisdiction. It never absolved the party who was once in possession of property of the estate of all liability."). Thus, present possession was not a requirement of the turnover power itself but only a prerequisite to seeking turnover through a particular means.

## C. Other Provisions of the Bankruptcy Code

Finally, practical considerations in the broader context of the bankruptcy trustee's powers mandate this result. If the trustee can only move for turnover against an entity currently in possession of the property, that entity could avoid liability under § 542(a) simply by transferring the property. *In re USA Diversified Prods. Inc.*, 100 F.3d at 56. Permitting this simple means of frustrating the trustee's turnover motion "is not

what the statute says and can't be what it means." *Id.* (citation omitted).

Moreover, should a present possession requirement be read into § 542(a), the trustee's power to avoid post-petition transfers of bankruptcy estate property would not adequately compensate for the trustee's inability to pursue entities no longer possessing the property sought through turnover. *But see In re Pyatt*, 486 F.3d at 429 (citing 11 U.S.C. § 549). The trustee's avoiding powers do not allow the trustee to pursue the initial *transferor* in such a transaction for the value of the property transferred. *See* § 550(a) ("[T]o the extent that a transfer is avoided . . . the trustee may recover, for the benefit of the estate, the property transferred, or . . . the value of such property from (1) the initial *transferee* . . . or (2) any immediate or mediate *transferee*. . . .") (emphases added). Therefore, § 542(a) fills a gap in the trustee's avoiding powers by permitting him/her to proceed against someone who had possession of property of the estate at the outset of the bankruptcy case and subsequently transfers it.

## D. The Eighth Circuit's position

Only the Eighth Circuit requires an entity to have "possession, custody, or control" of the subject property at the time the bankruptcy trustee moves for turnover. To reach this conclusion, the Eighth Circuit relies on (1) the Code's double recovery prohibition provision's omission of § 542, (2) § 542's failure to "specify whether an entity which lacks control [at the time of the motion's filing] may properly be subject to a motion to compel turnover," *In re Pyatt*, 486 F.3d at 428, and (3) the pre-Code present possession requirement in a summary turnover proceeding, *id.* at 428–29 (citing *In re Luma Camera Serv., Inc.*, 333 U.S. at 63–64).

These three bases for inferring a present possession requirement in § 542 do not justify the Eighth Circuit's position. With respect to the first basis, the double recovery provision references the trustee's avoiding powers, so the omission of § 542 in its list of avoiding power sections is not particularly meaningful. *In re Ruiz*, 455 B.R. at 752. Assuming a trustee would try to recover the same property twice, "the party from whom the second recovery was sought could raise as an equitable defense to turnover that the bank account constituted effectively a single asset, and the trustee should not be able to recover the same asset twice." *In re Newman*, 487 B.R. at 201 (quoting *In re Ruiz*, 455 B.R. at 752) (internal quotation marks omitted).

With respect to the second basis, "it is at best treacherous to find in congressional silence alone the adoption of a controlling rule of law." *Wells*, 519 U.S. at 496 (quoting *Hallstrom*, 493 U.S. at 25) (internal quotation marks omitted). And, here, the Eighth Circuit is relying on "congressional silence alone," because the Eighth Circuit's third basis is an inaccurate interpretation of *In re Luma Camera Service, Inc.*'s holding and significance in pre-Code practice.

*In re Luma Camera Service, Inc.* did not generally require present possession in pre-Code turnover proceedings. As discussed above, *In re Luma Camera Service, Inc.* only held that present possession was required in a *summary* turnover proceeding to protect an entity from being held in contempt for failing to turn over property it no longer possessed. *See* 333 U.S. at 59–60.

Thus, we are not persuaded by *In re Pyatt*'s reasoning.

**CONCLUSION**

Section 542(a)'s plain language, pre-Code practice, and other Code provisions compel our holding that a trustee may seek turnover from an entity that had "possession, custody, or control" of the subject property during the bankruptcy case whether or not the entity had "possession, custody, or control" at the time the turnover motion is filed.

Accordingly, we **REVERSE** the district court's decision and **REMAND** for further proceedings consistent with this opinion.