**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-18-1069-FLS |
| FRANK JAKUBAITIS, | Bk. No. 8:13-bk-10223-TA |
| Debtor. | |
| FRANK JAKUBAITIS, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| JPMORGAN CHASE BANK, N.A., | |
| Appellee. | |

Submitted Without Argument on February 21, 2019

Filed – March 7, 2019

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Theodor C. Albert, Bankruptcy Judge, Presiding

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appearances:     Frank Jakubaitis, pro se, on the brief.

Before: FARIS, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Frank Jakubaitis received his discharge in 2014, and the bankruptcy court closed his case. In 2018, the bankruptcy court granted creditor JPMorgan Chase Bank, N.A. ("Chase") relief from the automatic stay to enforce its lien rights against his automobile. Mr. Jakubaitis appeals, arguing that the court should not have granted relief from the automatic stay, because the stay terminated upon his discharge. He also argues that Chase waited too long to seek relief.

The bankruptcy court should not have granted relief from the automatic stay because the stay had already expired, and the court lacked power to grant relief from the discharge injunction. But the discharge injunction left Chase free to enforce its in rem rights against Mr. Jakubaitis' automobile without seeking permission from the court. Accordingly, the error was harmless, and we AFFIRM.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

**FACTUAL BACKGROUND**[2]

**A.     Mr. Jakubaitis' bankruptcy case**

Mr. Jakubaitis filed his chapter 7 petition in January 2013 and scheduled a 2005 Mercedes Benz ML350 ("Vehicle"), which was subject to Chase's purchase money lien. Mr. Jakubaitis indicated his intention to reaffirm the debt to Chase.

Chase did not file a proof of claim, and Mr. Jakubaitis never executed a reaffirmation agreement concerning the Vehicle. Mr. Jakubaitis received his discharge in January 2014, and the bankruptcy court closed his case.

A year later, in January 2015, another creditor filed a motion to reopen Mr. Jakubaitis' case. The court granted the motion to reopen.

**B.     The motion for relief from the automatic stay**

Chase made its first appearance in the case over two years later, when it filed a request for courtesy notice of electronic filing in October 2017. Three months later, on January 29, 2018, it filed a motion for relief from the automatic stay ("Motion for Relief"). Chase requested authority to "proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the [Vehicle]."

Mr. Jakubaitis opposed the Motion for Relief. He argued that there

---

[2] We exercise our discretion to review the bankruptcy court's docket, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

was no cause to lift the automatic stay because he had received his discharge and the stay had terminated; the reopened case did not give Chase additional rights. He also argued that the Motion for Relief was prejudicial and imposed a hardship on him. He contended that Chase was barred by the doctrine of laches because five years had passed since the petition date and four years had passed since his discharge, yet Chase had not filed a proof of claim or sought relief prior to discharge.

The bankruptcy court issued a tentative ruling on the Motion for Relief and stated that it was inclined to grant the motion: "The allegation of prejudice and hardship makes no sense. Although the stay technically has evolved into a discharge injunction upon the entry of a discharge, the analysis is the same."

After a hearing, the court granted the Motion for Relief.[3] The court entered a form order ("Stay Relief Order") granting Chase relief from the automatic stay under § 362(d)(1). It "[t]erminated [the automatic stay] as to the Debtor and the Debtor's bankruptcy estate." It additionally provided:

> Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the [Vehicle] in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate

---

[3] Mr. Jakubaitis declined to provide us with a copy of the transcript of the hearing. Therefore, we are entitled to presume that nothing said at the hearing was helpful to his position. *See Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 681 (9th Cir. BAP 1994), *aff'd*, 92 F.3d 1192 (9th Cir. 1996).

except by filing a proof of claim pursuant to 11 U.S.C. § 501.

Mr. Jakubaitis timely appealed the Stay Relief Order. He represents on appeal that Chase has not contacted him concerning the Vehicle or otherwise attempted to exercise its lien rights.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in granting Chase relief from the automatic stay to enforce its lien rights against the Vehicle.

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's interpretation of the Bankruptcy Code. *Shapiro v. Henson*, 739 F.3d 1198, 1200 (9th Cir. 2014). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

We review for an abuse of discretion the bankruptcy court's rulings regarding laches. *Beaty v. Selinger (In re Beaty)*, 306 F.3d 914, 920-21 (9th Cir. 2002). We also review for abuse of discretion the bankruptcy court's decision to grant relief from the automatic stay. *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 919 (9th Cir. BAP 2009) (citations omitted).

We apply a two-part test to determine whether the bankruptcy court abused its discretion. First, we consider de novo whether the bankruptcy court applied the correct legal standard. Then, we review the bankruptcy court's factual findings for clear error. *See Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 611 (9th Cir. BAP 2014) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc)). We must affirm the bankruptcy court's factual findings unless we conclude that they are illogical, implausible, or without support in the record. *Id.* at 612 (citing *Hinkson*, 585 F.3d at 1262).

We may affirm the decision of the bankruptcy court on any basis supported by the record. *See ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citations omitted).

## DISCUSSION

### A.   The bankruptcy court erred by granting Chase relief from the automatic stay or discharge injunction.

Mr. Jakubaitis argues that the bankruptcy court could not grant Chase relief from the automatic stay because he had received his discharge. In its tentative ruling, the bankruptcy court recognized that the automatic stay was not in effect and had been superseded by the discharge injunction. Nevertheless, the Stay Relief Order granted Chase relief from the automatic stay. This was erroneous.

When the court grants a debtor a discharge, the automatic stay

6

terminates and is replaced by the discharge injunction. *See* § 362(c)(2)(C) ("the [automatic] stay . . . continues until . . . the time a discharge is granted or denied"). In other words, "the existence of a discharge means that there is no automatic stay from which relief may be granted to permit an action against the debtor. Insofar as the automatic stay bars actions against the debtor, the stay automatically expires upon the grant of a discharge." *Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 551 (9th Cir. BAP 2002); *see also ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1009 n.13 (9th Cir. 2006) ("We don't understand why the district court discussed the automatic stay. By August 21, 2002, the automatic stay had long since disappeared; it was only the discharge injunction that was relevant."). The court abuses its discretion if it grants relief from the automatic stay after it is terminated. *See Lakhany v. Khan (In re Lakhany)*, 538 B.R. 555, 561 (9th Cir. BAP 2015) ("As the stay had 'automatically expire[d] upon the grant of [Lakhany's] discharge,' the bankruptcy court abused its discretion in granting relief from the stay. Rather, the appropriate inquiry would have been the applicability of the discharge injunction.").

The automatic stay terminated on January 21, 2014, when the bankruptcy court issued Mr. Jakubaitis' discharge. The court could not thereafter grant Chase relief from the nonexistent automatic stay. The bankruptcy court abused its discretion when it did so.

In its tentative ruling, the bankruptcy court stated that it was inclined

to grant the Motion for Relief as to the discharge injunction. This was also erroneous.

"The assumption that the § 524(a)(2) statutory discharge injunction can be modified is incorrect; the discharge injunction is set in statutory concrete." *In re Munoz*, 287 B.R. at 550. Although the court cannot modify the discharge injunction, it can determine its scope. However, "determinations regarding the scope of the discharge require a declaratory judgment obtained in an adversary proceeding." *Id.* at 551 (citations omitted); *see Clark v. Strand (In re Clark)*, BAP No. CC-07-1393-CKMo, 2008 WL 8444804, at *3 (9th Cir. BAP Apr. 3, 2008) ("relief from the discharge injunction of Section 524 is only available through a complaint to revoke discharge under Section 727(e) and Rule 7001(4)"). Such determination cannot be sought in the guise of a relief from stay motion.

Therefore, the bankruptcy court erred when it granted Chase relief from either the automatic stay or discharge injunction.

## B. The bankruptcy court's error was harmless because Chase did not need stay relief to enforce its lien rights.

Both Chase's motion and the bankruptcy court's order were unnecessary. Chase did not need relief from the discharge injunction to enforce its in rem rights against the Vehicle. Accordingly, the bankruptcy court's error was harmless.

A discharge "operates as an injunction against the commencement or

8

continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt **as a personal liability of the debtor** . . . ." § 524(a)(2) (emphasis added).

Because the discharge applies only to the debtor's "personal liability," a creditor's rights in the debtor's property are not affected. *See HSBC Bank, USA, Nat'l Ass'n v. Blendheim (In re Blendheim)*, 803 F.3d 477, 494 (9th Cir. 2015) ("Discharges leave unimpaired a creditor's right to proceed in rem against the debtor's property."); *Ocwen Loan Servicing, LLC v. Marino (In re Marino)*, 577 B.R. 772, 783-84 (9th Cir. BAP 2017) ("The discharge has one important limit: it bars only efforts to collect debts 'as a personal liability of the debtor.' . . . This means that secured creditors can foreclose their liens after the discharge is entered." (citations omitted)); 4 Collier on Bankruptcy ¶ 524.02 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("[T]he provisions [of § 524] apply only to the personal liability of the debtor, so they do not affect an otherwise valid prepetition lien on property."). Thus, the discharge does not affect a creditor's rights in the debtor's property, including the right to repossess an automobile. *See Cobbs v. Nissan Motor Acceptance Corp. (In re Cobbs)*, BAP No. SC-18-1064-FSKu, 2018 WL 5289698, at *5-6 (9th Cir. BAP Oct. 24, 2018), *appeal dismissed*, 2018 WL 7137677 (9th Cir. Nov. 28, 2018).

In the present case, the bankruptcy court ruled that Chase "may enforce its remedies to repossess or otherwise obtain possession and

dispose of the Property in accordance with applicable nonbankruptcy law . . . ." But this ruling was unnecessary; Chase did not need prior court approval to enforce its rights against the Vehicle (as opposed to its claims against Mr. Jakubaitis personally), because the discharge injunction did not affect its lien rights. The Stay Relief Order also did not permit Chase to enforce any in personam claim against Mr. Jakubaitis: it provides that Chase "may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501." Therefore, the order granting relief from the discharge injunction was unnecessary, the bankruptcy court's error was harmless, and affirmance is warranted.[4]

## C. The bankruptcy court did not err in declining to apply laches.

Mr. Jakubaitis argues that Chase sat on its hands for too long such that the doctrine of laches barred it from seeking relief. We need not decide this issue.

Mr. Jakubaitis does not make clear exactly what he thinks Chase is barred from doing. If he means that Chase is barred from seeking stay relief, his argument is superfluous, because (as he correctly asserts) the automatic stay has terminated by operation of law. If he means that Chase

---

[4] We note that reversal of the bankruptcy court's order would leave the parties in exactly the same positions that they occupy upon affirmance. Either way, the automatic stay does not apply, and the discharge injunction does not bar Chase's enforcement of its lien rights.

may not seek relief from the discharge injunction, his argument is also superfluous, because one cannot ever obtain relief from that injunction.

We think that Mr. Jakubaitis probably intends to argue that Chase's delay precludes it from enforcing its lien on the Vehicle. But this question was not before the bankruptcy court and is not before us. In deciding a motion for relief from stay, the bankruptcy court is only tasked with deciding whether the movant has a colorable claim to enforce its rights against the property, not the substance or merit of the claim. *See Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 914-15 (9th Cir. BAP 2011) ("a party seeking stay relief need only establish that it has a colorable claim to enforce a right against property of the estate"); *First Fed. Bank. of Cal. v. Robbins (In re Robbins)*, 310 B.R. 626, 631 (9th Cir. BAP 2004) ("Stay relief hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim."). Accordingly, we need not decide whether laches precludes Chase from enforcing its lien rights.

## CONCLUSION

Although the bankruptcy court should not have granted relief from the automatic stay or discharge injunction, to do so was harmless error. We AFFIRM.