**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES G. COLLINS; JANELLE L.
COLLINS; CHADWICK C. COLLINS,

Appellants,

v.

NANCY L. WOLF, Chapter 7 Trustee,

Appellee.

No.    18-56249

D.C. No.
3:17-cv-02066-JLS-BLM

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted December 11, 2019
Pasadena, California

Before:  N.R. SMITH and WATFORD, Circuit Judges, and KORMAN,** District
Judge.

   **1.** To the extent Appellants seek to unwind the sale of the Beechtree

property, the bankruptcy court's Order Approving Sale is statutorily moot, because

the purchaser of the property was a "good faith purchaser," and Appellants did not

---

   *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

seek a stay of the sale. *See* 11 U.S.C. § 363(m); *In re Filtercorp, Inc.*, 163 F.3d 570, 576 (9th Cir. 1998). The Order Approving Sale is also equitably moot because Appellants did not seek a stay of the sale and did not offer an adequate explanation for their failure to seek a stay. *See In re Mortgages Ltd.*, 771 F.3d 1211, 1216–17 (9th Cir. 2014). However, the other issues in this appeal are not equitably moot, because, as the district court correctly concluded, equitable relief remains possible, including in the form of disgorgement of Beechtree sales proceeds distributed to the Trustee and her counsel. *See In re Thorpe Insulation Co.*, 677 F.3d 869, 883 (9th Cir. 2012). The Trustee failed to carry her heavy burden of establishing that there has been such a "comprehensive change of circumstances" that it has "render[ed] it inequitable for this court to consider the merits of [Appellants'] appeal." *Id.* at 880 (citation omitted).

**2.** The bankruptcy court correctly held that the Beechtree property was community property and therefore property of the bankruptcy estate. The California Supreme Court recently held, on facts similar to those here, that a "joint tenancy property acquired with community funds on or after January 1, 1975 . . . is presumptively community in character." *In re Brace*, 470 P.3d 15, 36 (Cal. 2020). This presumption applies to the Beechtree property, which Chadwick and Janelle Collins purchased as a married couple in 2000. *See* Cal. Fam. Code § 760. Appellants argue that the grant deed conveying the Beechtree property to

Chadwick and Janelle as "Husband and Wife as Joint Tenants" was a valid transmutation. The California Supreme Court rejected that argument, holding that a "joint tenancy deed, by itself, does not suffice" to transmute community property to separate property. *Brace*, 470 P.3d at 36.

**3.** The bankruptcy court did not clearly err by finding that Charles Collins waived the transfer-of-title term contained in the purchase agreement. Waiving that term was advantageous to the Appellants because it allowed them to benefit from the favorable interest rate available only if Chadwick and Janelle did not transfer title. Because Charles waived the transfer-of-title term, Chadwick and Janelle did not breach the purchase agreement. *See Whitney Inv. Co. v. Westview Dev. Co.*, 78 Cal. Rptr. 302, 308 (Ct. App. 1969). Consequently, Charles' equitable conversion claim, land sale contract claim, statutory lien claim, damages claim under California Civil Code § 3306, and oral modification claim all fail.

As a result of his waiver of the transfer-of-title term, Charles' executory contract theory also fails, because Chadwick and Janelle did not have any outstanding obligations under the purchase agreement as of the day immediately prior to the filing of the bankruptcy petition. *See In re Aslan*, 909 F.2d 367, 371 (9th Cir. 1990). Similarly, Charles' adverse possession claim under a color-of-title theory fails, because he lacked a good-faith belief that he held legal title to the Beechtree property. *See Estate of Williams*, 140 Cal. Rptr. 593, 596 (Ct. App.

1977).

The bankruptcy court also did not clearly err in finding that Chadwick lacked the intent to transfer an interest in the Beechtree property when he gave the 2011 quitclaim deed to Charles. As the bankruptcy court correctly found, Chadwick "knew the quitclaim deed was not effective and could not be recorded without Janelle's signature." Because Chadwick did not intend to transfer an interest in the Beechtree property, the bankruptcy court correctly determined that Charles did not acquire any interest in that property. *See Kimbro v. Kimbro*, 249 P. 180, 183 (Cal. 1926). The transfer was also invalid because, as explained above, the Beechtree property was community property and Chadwick could not convey his interest in the property without Janelle's consent. *See* Cal. Fam. Code § 1102(a).

**4.** Finally, because the Beechtree property was community property, the bankruptcy court did not err in concluding that the Trustee was entitled to recover post-petition net rents. Section 542(a) "allows a turnover motion to be brought against the entity at any time during the pendency of the bankruptcy case, even if the entity no longer possesses or has custody or control over the property, at the time the motion is filed." *Shapiro v. Henson*, 739 F.3d 1198, 1200 (9th Cir. 2014). Thus, the bankruptcy court did not err in finding that the Trustee did not have to bring her turnover claim in the adversary complaint. Further, the Trustee's

complaint asserted a turnover claim pursuant to 11 U.S.C. § 542 that was broad enough to encompass the post-petition net rents. Section 542 provides that the person in possession of property the trustee is entitled to sell, use, or lease under 11 U.S.C. § 363 "shall deliver to the trustee, and account for, such property or the value of such property." 11 U.S.C. § 542(a). Because the Beechtree property was community property, the Trustee was entitled to the property under § 363, and § 542 thus required Charles to deliver the property, which included "[p]roceeds, product, offspring, rents, or profits of or from the property of the estate," 11 U.S.C. § 541(a)(6), to the Trustee.

The bankruptcy court properly held that Charles owed rents from the Beechtree property for the entire period in which the property belonged to the bankruptcy estate, which began when Chadwick filed his bankruptcy petition and the estate was created. 11 U.S.C § 541(a). Charles' argument that he is not required to turnover rents because he had express permission from Janelle to possess the Beechtree property fails because it relies on the assumption that Janelle held her interest as separate property, which the California Supreme Court's decision in *Brace* makes clear was not the case.

**AFFIRMED.**